IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS TAMALE CO., an Illinois corporation, ) ) ) **Plaintiff** ) ) ) v. ) ) EL-GREG, INC., an Illinois corporation, ) ) **Defendant.** ) | **Civil Action No.** **Judge** **JURY TRIAL DEMANDED** |

## COMPLAINT

ILLINOIS TAMALE CO., d/b/a Iltaco Foods ("ILTACO"), by its undersigned attorneys, complains against defendant EL-GREG, INC. ("EL-GREG") as follows:

### STATUTORY BASIS AND NATURE OF ACTION

1. This action is for (1) trademark infringement under the Federal Trademark Act, also known as the Lanham Act (15 U.S.C. §§ 1051-1127); (2) trade dress infringement under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (3) false designation of origin, or false or misleading description or representation of fact under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (4) unfair competition and deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act (815 ILCS §§ 510/1-510/7), (5) unfair competition under Illinois common law, and (6) breach of contract.

2. Plaintiff seeks preliminary and permanent injunctive relief and an award of profits and actual damages, among other remedies, for EL-GREG's unlawful conduct.

**THE PARTIES**

3. Plaintiff ILTACO is a corporation duly organized and existing under the laws of the State of Illinois, with its principal place of business at 1376 West Hubbard, Chicago, Illinois 60642. Since 1927, ILTACO has manufactured, distributed, and sold a variety of processed and frozen food products at retail and wholesale. Since 1976, for nearly 40 years, ILTACO has manufactured, distributed, and sold its PIZZA PUFFS products.

4. On information and belief, defendant EL-GREG is an Illinois corporation with its principal place of business at 6024 North Keystone, Chicago, Illinois 60646, and is engaged in the manufacture of a variety of processed and frozen food products sold at retail and wholesale. EL-GREG is a direct competitor of ILTACO.

5. Defendant EL-GREG is infringing plaintiff ILTACO's incontestable federal registration for the PIZZA PUFFS trademark (the "Mark"), which has become exclusively associated with plaintiff after decades of use and promotion by plaintiff among its family of "PUFFS" marks. EL-GREG is also infringing ILTACO's trade dress for its PIZZA PUFFS packaging (the "Trade Dress") and is making the false advertising claim to being "MAKERS OF THE 'ORIGINAL PUFFS,'" thereby infringing ILTACO's Slogan "MAKERS OF THE 'ORIGINAL' PIZZA PUFF" (the "Slogan").

6. In an effort to trade on ILTACO's valuable goodwill and reputation in the Mark, EL-GREG has adopted PIZZA PIES (PUFFS) as a trademark for its products that compete with ILTACO's PIZZA PUFFS products, has copied ILTACO's distinctive PIZZA PUFFS Trade Dress, and has falsely claimed on its packaging to be "MAKERS OF THE 'ORIGINAL PUFFS.'" Despite ILTACO's attempts to resolve the matter, EL-

GREG continues to use its infringing trademark PIZZA PIES (PUFFS), its infringing trade dress, and its false and infringing slogan in connection with its products.

7. EL-GREG's conduct complained of herein infringes ILTACO's federally registered PIZZA PUFFS Mark, as well as its Trade Dress and Slogan, and is likely to cause confusion, mistake or deception as to the source of EL-GREG's goods or as to an affiliation, connection, or association between ILTACO and EL-GREG, or concerning the origin, sponsorship, or approval of EL-GREG's goods by ILTACO, to ILTACO's detriment and EL-GREG's unjust enrichment.

## JURISDICTION AND VENUE

8. This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) and the pendent jurisdiction of this court.

9. Defendant EL-GREG is subject to personal jurisdiction in this judicial district because it is located within this judicial district and is committing one or more of the acts complained of herein within this state and judicial district by advertising, selling and/or offering for sale products in connection with the alleged trademark PIZZA PIES (PUFFS), copied Trade Dress, and copied Slogan, in this district and elsewhere. EL-GREG has sold its infringing products to ILTACO's customers and prospective customers located in this district.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)-(c) because a substantial part of the events complained of occurred in this district, defendant

3

EL-GREG has knowingly committed tortious acts aimed at and causing harm in this state and district, and EL-GREG is subject to personal jurisdiction herein. Moreover, the damage to plaintiff ILTACO and its Mark, Trade Dress, and Slogan described herein has occurred and continues to occur in this judicial district.

## BACKGROUND

A.     **Plaintiff's Business and Marks**

11.     ILTACO is a family owned and run frozen food manufacturing company in Chicago, and is a manufacturer, distributor, and seller of ethnic foods. Since 1927, ILTACO has offered an array of ethnic foods, including tamales, burritos, pizza, and its flagship hand-held dough pockets known as "Puffs," which are filled with a variety of meats, vegetables, and cheeses, for foodservice, grocery retail, grocery deli, convenience stores, and private label customers.

12.     ILTACO's products include, but are not limited to, its family of "Puffs" foods, such as PIZZA PUFFS®, TACO PUFFS®, GYRO PUFF®, HAM & CHEESE PUFF™, TOMATO & CHEESE PUFF™, PEPPERONI PIZZA PUFF™, BEEF PIZZA PUFF™, 4 CHEESE PIZZA PUFF™, SPINACH PIZZA PUFF™, HAM, CHEDDAR CHEESE & JALAPENO PUFF™, PULLED PORK BBQ PUFF™, REUBEN PUFF™, BUFFALO STYLE CHICKEN PUFF™ and BREAKFAST PUFF™.

13.     Since at least as early as October 17, 1976, ILTACO has continuously used the mark PIZZA PUFFS (the "Mark") in interstate commerce in connection with its goods. ILTACO owns incontestable United States Trademark Registration No.

4

3,628,959, issued May 26, 2009, for PIZZA PUFFS (the "Registration"), covering the following goods:

> Food package combinations consisting primarily of cheese, meat, vegetables; processed vegetables; frozen entrees consisting primarily of meat, cheese or vegetables; prepared entrees consisting primarily of meat, cheese or vegetables; packaged entrees consisting primarily of meat, cheese or vegetables, frozen meat; in International Class 29.
>
> Processed foods, namely, Italian style burritos; dough-based pockets with filling consisting primarily of meats, vegetables, and/or cheese; dough enclosed sandwich with fillings of cheese, sausage, pepperoni, beef, ground beef, pork, peppers, tomato sauce, and/or vegetables, namely, spinach, tomatoes, peppers, onions, and/or mushrooms; fillings of meat, cheese, sauce, vegetables and/or seasonings encased in dough; burritos; pastries; pasties filled with meat, vegetables, and/or cheese; dough enrobed stuffed sandwiches; tarts; ready to heat pasties and tarts for preparation in a toaster, deep fryer, frying pan, microwave or oven; handheld toaster pastries; microwave pastries; stuffed sandwiches comprised of fillings enrobed in pastry or dough; sandwiches; meat pies; in International Class 30.

14. ILTACO has complied with the provisions of 15 U.S.C. § 1065 for the PIZZA PUFFS registration, which has become incontestable thereunder. As a result, the Lanham Act bars any attempt to contend that the mark PIZZA PUFFS is merely descriptive of the goods sold in connection with the Mark. A copy of the registration certificate and the Notice of Acceptance and Acknowledgement of the Declaration of Use and Incontestability are attached hereto as Exhibit A.

15. ILTACO also owns United States Trademark Registration No. 4,010,781, issued August 16, 2011, for TACO PUFFS, and United States Trademark Registration No. 4,380,545, issued August 6, 2013, for GYRO PUFF, for similar goods. Copies of those registration certificates are attached hereto as Exhibits B and C, respectively.

16. ILTACO advertises its products with the slogan "Makers of the 'Original' Pizza Puffs" (the "Slogan"). See website page attached as Exhibit D and Exhibit E.

17. ILTACO packages its PIZZA PUFFS in the distinctive trade dress (the "Trade Dress") shown in attached Exhibit E.

18. ILTACO's above-described Registration for PIZZA PUFFS is in full force and effect on the Trademark Principal Register and constitutes *conclusive* evidence of the *validity* of the Mark, ILTACO's *ownership* of the Mark, and ILTACO's *exclusive right* to use the Mark in commerce in connection with the registered goods (15 U.S.C. § 1115(b)).

19. Since 1976, ILTACO has expended considerable time, resources and effort in developing and promoting its PIZZA PUFFS Mark and family of PUFFS marks throughout the United States. For example, ILTACO's products are available (among other places) at Walmart, Jewel, Roundy's/Mariano's, Walgreens, Piggly Wiggly, GFS MarketPlace, Food 4 Less, Restaurant Depot, Target, Hyvee, Woodmans, Sysco, US Foods, Greco, Panos, Kronos, Corfu, Mclane, HT Hackney, PDQ, and Strack and Van Til. As a result, ILTACO has developed substantial recognition and goodwill among the public and the trade throughout the United States and has developed significant intellectual property rights and asset value in its Mark. EL-GREG's unlawful actions are negatively impacting and will continue to negatively impact the goodwill and high-quality reputation enjoyed by ILTACO under its Mark unless EL-GREG is enjoined from using PIZZA PIES (PUFFS), copying ILTACO's Trade Dress, and copying ILTACO's Slogan.

B.    **Defendant's Business and Unlawful Actions**

20.    Defendant EL-GREG, incorporated in Illinois in 1985, is a manufacturer, distributor and seller of ethnic frozen food products (including pizza, Greek mousaka and pastitsio casseroles and boureki rolls, hors d'oeuvres wrapped in filo pastry, and filo dough pies), for foodservice, retail, and private label markets. EL-GREG generally markets its products under descriptive or generic names such as Pizza Pies, Beef Pizza Pies, Spinach Pie, Cheese Pie, and Puff Pastry Hors D'Oeuvres and uses the tag line "Where Taste Makes All The Difference" (see Exhibit F attached hereto).

21.    Recently, EL-GREG recently developed a product called PIZZA PIES (PUFFS) to sell in direct competition with ILTACO's PIZZA PUFFS product. EL-GREG's PIZZA PIES (PUFFS) are marketed to ILTACO's customers and appear side by side with ILTACO's PIZZA PUFFS product in the freezer cabinets of those customers. In particular, EL-GREG is selling its PIZZA PIES (PUFFS) in direct competition with PIZZA PUFFS at Restaurant Depot.  In addition to copying ILTACO's registered trademark for its PIZZA PIES (PUFFS) product, EL-GREG copied its packaging from ILTACO's Trade Dress for PIZZA PUFFS and copied ILTACO's Slogan. This is a photograph of EL-GREG's product and ILTACO's product, appearing side by side at Restaurant Depot:

7



A copy of EL-GREG's package is attached hereto as Exhibit G-1.

22. EL-GREG's products in the infringing packaging are the same or similar to ILTACO's products covered in the Registration, in that EL-GREG's products and ILTACO's products are both hand-held dough pockets with fillings, with the same portion size, same shape, and similar flavor profiles, and are wrapped in a similar manner.

23. To date, EL-GREG continues to use in commerce the mark PIZZA PIES (PUFFS) in connection with its hand-held dough pockets products, without ILTACO's authorization and in contravention of ILTACO's prior and incontestable rights in the Mark PIZZA PUFFS for the same or highly related products, all to EL-GREG's benefit and ILTACO's detriment. EL-GREG has no need to use "Puffs," or ILTACO's Trade Dress or Slogan to describe its Pizza Pies, as illustrated by its alternate packaging shown in Exhibit G-2.

8

24. On December 1, 2015, ILTACO informed EL-GREG by letter of ILTACO's prior rights in its PIZZA PUFFS and other PUFFS Marks and demanded that EL-GREG cease its use of PIZZA PIES (PUFFS) and not use any other name likely to cause confusion with ILTACO's Marks (see Exhibit H). Instead of complying with ILTACO's demands, EL-GREG blatantly rejected them, and continues to this day to reject them.

25. A representative of EL-GREG who identified herself as "Maria" responded to the cease and desist letter by telephone call to ILTACO's counsel on December 2, 2015, shouting and using rude, vulgar, and offensive language to describe what ILTACO could do with its demands and threatening ILTACO with cancellation of its registration and a law suit if ILTACO did not withdraw its demands. She stated that she was planning to "go to war" against ILTACO and abruptly hung up. That rude and offensive behavior was in direct contravention of a certain Settlement Agreement and Mutual Release EL-GREG made with ILTACO on November 15, 2004, settling a prior trademark suit between the parties in which EL-GREG agreed not to use "Pizza Puff," either "alone or in combination with other words or designs" in describing its goods (the "Settlement Agreement"). A copy of the Settlement Agreement is attached hereto as Exhibit I. EL-GREG is contractually bound by that Settlement Agreement not to use "Pizza Pies (Puff)," whatever the status of ILTACO's Mark, and is breaching that agreement by selling its Pizza Pies (Puffs) hand-held dough pockets with fillings.

26. The confusing similarity between ILTACO's Mark and EL-GREG's mark, and the parties' respective trade dresses and slogans, is likely to cause confusion with regard to the source of EL-GREG's services. In fact, EL-GREG's infringing conduct is

9

causing actual confusion in that customers are contacting ILTACO to complain about the inferior quality of EL-GREG's PIZZA PIES (PUFFS) products. Thus, EL-GREG has been and continues to be engaged in acts that are injurious and deceptive to the public and that have caused ILTACO irreparable harm, and EL-GREG is likely to continue those unlawful, injurious and deceptive acts unless enjoined by this Court.

## COUNT I

### VIOLATION OF THE LANHAM ACT
### FEDERAL TRADEMARK INFRINGEMENT

27. Plaintiff ILTACO realleges and incorporates by reference paragraphs 1-26 of its Complaint as if fully set forth herein.

28. This Count is based on infringement of a trademark registered under the trademark laws of the United States and, more particularly, under 15 U.S.C. § 1051 *et seq.* Defendant EL-GREG's unauthorized use of the mark PIZZA PIES (PUFFS) for its products is likely to cause confusion, mistake or deception as to the source, affiliation, connection or association of EL-GREG and EL-GREG's goods with ILTACO, or as to the sponsorship, approval or affiliation of EL-GREG by or with ILTACO, in violation of 15 U.S.C. § 1114.

29. Prior to EL-GREG's adoption and use of PIZZA PIES (PUFFS), EL-GREG had actual or constructive notice or knowledge (pursuant to 15 U.S.C. § 1072) of ILTACO's Mark and Registration and ILTACO's exclusive rights therein. EL-GREG has also refused to cease using PIZZA PIES (PUFFS) despite ILTACO's requests that it do so and despite its earlier agreement not to use Pizza Puffs. EL-GREG's actions therefore constitute willful infringement of ILTACO's registered Mark and make this an exceptional case under 15 U.S.C. § 1117(a).

30. As a result of EL-GREG's willful infringement of ILTACO's Mark, ILTACO has been, is now and will continue to be damaged and irreparably harmed and thus ILTACO has no adequate remedy at law.

31. EL-GREG will continue such infringement unless enjoined by this Court.

## COUNT II
## VIOLATION OF THE LANHAM ACT
## FEDERAL UNFAIR COMPETITION

32. Plaintiff ILTACO realleges and incorporates by reference paragraphs 1-26 of its Complaint as if fully set forth herein.

33. This Count is based on false designation of origin and false description or representation in violation of 15 U.S.C. § 1125(a). ILTACO has used and is currently using its Mark, Trade Dress, and Slogan in commerce to identify its goods and services and to distinguish them from the goods and services of others.

34. Long after ILTACO's first use of its Mark, Trade Dress, and Slogan, EL-GREG began using its mark PIZZA PIES (PUFFS), its copied trade dress, and its copied slogan in commerce to identify its goods. Those unlawful acts of EL-GREG constitute a false description and representation that EL-GREG's services are authorized by, sponsored by or affiliated with ILTACO, all in violation of 15 U.S.C. § 1125(a). The "Original Puffs" representation made through use of the copied slogan is literally false or misleading and is material in that it is being relied upon by customers to induce purchases of EL-GREG's goods, in the false understanding that they are ILTACO's goods.

35. EL-GREG's violation of 15 U.S.C. § 1125(a) is willful and deliberate.

11

36. As a result of EL-GREG's willful and unlawful acts, ILTACO has been, is now and will continue to be damaged and irreparably harmed and thus ILTACO has no adequate remedy at law.

37. EL-GREG will continue such unlawful acts unless enjoined by this Court.

## COUNT III
## ILLINOIS DECEPTIVE TRADE PRACTICES

38. Plaintiff ILTACO realleges and incorporates by reference paragraphs 1-26 of its Complaint as if fully set forth herein.

39. This Count is based on unfair competition and deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510/1-510/7).

40. EL-GREG, with full knowledge of ILTACO's superior rights, willfully adopted and is using ILTACO's Mark, Trade Dress, and Slogan in connection with its products with the deliberate and express purpose of obtaining the benefit of ILTACO's goodwill and reputation; and EL-GREG's unfair or deceptive acts or practices are likely to cause, are intended to cause, and are actually causing, confusion and deception of the public.

41. EL-GREG's willful use of ILTACO's Mark, Trade Dress, and Slogan is likely to cause confusion, mistake, or deception as to the source, sponsorship or approval of EL-GREG's goods and has created a likelihood of confusion or misunderstanding as to whether EL-GREG is affiliated, connected or associated with ILTACO in violation of 815 ILCS § 510/1-510/7.

42. Unless enjoined by the Court, EL-GREG will continue to do the acts complained of herein and cause damage and injury to ILTACO's business reputation and

confusion as to the source of EL-GREG's goods, all to ILTACO's and the public's irreparable harm, for which ILTACO has no adequate remedy at law.

## COUNT IV

### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

43. Plaintiff ILTACO realleges and incorporates by reference paragraphs 1-26 of its Complaint as if fully set forth herein.

44. This Count is based on Illinois common law trademark infringement and unfair competition.

45. ILTACO owns and has used its PIZZA PUFFS Mark in connection with its products since at least as early as 1976. Because of ILTACO's longstanding and extensive use of its Mark, that Mark has become uniquely associated with ILTACO and identifies ILTACO's goods. ILTACO's Mark, Trade Dress, and Slogan are valid trademarks under Illinois state common law.

46. EL-GREG's acts constitute willful trademark infringement under the common law of those states, including Illinois, where EL-GREG has used PIZZA PIES (PUFFS), the copied Trade Dress, and the copied Slogan, which are confusingly similar to ILTACO's Mark, Trade Dress, and Slogan.

47. EL-GREG's unauthorized and infringing use in commerce of ILTACO's Mark, Trade Dress, and Slogan constitutes willful unfair competition with ILTACO under the common law, such that such use enables EL-GREG to obtain the benefit of, and trade upon, the widespread recognition and goodwill of ILTACO. ILTACO has no control over EL-GREG's business and products and its impact on ILTACO's goodwill,

13

so EL-GREG's unlawful use of ILTACO Marks is likely to cause confusion, mistake or deception, and result in EL-GREG's unjust enrichment.

48. Unless enjoined by this Court, EL-GREG will continue to cause irreparable harm to ILTACO and the public, for which ILTACO has no adequate remedy at law.

## COUNT V
## BREACH OF CONTRACT

49. Plaintiff ILTACO realleges and incorporates by reference Paragraphs1-26 of its Complaint as if fully set forth herein.

50. The Settlement Agreement is a valid and subsisting contract between ILTACO and EL-GREG.

51. Paragraph 2 of the Settlement Agreement (Exhibit I) provides:

EL-GREG…and their respective shareholders, officers, directors and employees, will not use "Pizza Puff" alone or in combination with other words or design…as a trademark, service mark, trade name, trade name component…or other use in the marketing or advertisement of their respective goods and services…or as an identification of their respective goods or services.

52. EL-GREG is in breach of the Settlement Agreement by selling its goods in packages using the name PIZZA PIES (PUFFS).

53. ILTACO has sustained and is continuing to sustain damages by reason of that breach by EL-GREG, in an amount yet to be determined.

54. EL-GREG's breach of the Settlement Agreement has resulted in consumers purchasing EL-GREG's products when they intended to purchase ILTACO's products, causing lost sales to ILTACO and damage to ILTACO's goodwill and reputation because of the inferior quality of EL-GREG's products.

55. ILTACO has fully performed its obligations under the Settlement Agreement.

56. EL-GREG's use of the words Pizza Pies Puffs violates Par. 2 of the Settlement Agreement and is willful and in bad faith.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all matters and issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for an order and judgment:

A. that defendant has infringed U.S. Trademark Registration No. 3,628,959, plaintiff's Trade Dress, and plaintiff's Slogan;

B. preliminarily and permanently restraining and enjoining defendant, its directors, officers, agents, servants, attorneys, employees, parent, subsidiaries, affiliates, related companies, successors and assigns, and all other persons or entities in active concert and/or participation with them who receive notice, from any further infringement of said Mark, Trade Dress, and Slogan, including

(1) reproducing, copying, counterfeiting, colorably imitating or otherwise using in any way in connection with defendant's business without the consent of plaintiff, the words "Pizza Puffs," exclusively or as a portion of any trade name, trademark, service mark or domain name, alone or in combination with any other words, symbols or marks; or plaintiff's Trade Dress, or plaintiff's Slogan;

(2) using in any way in connection with defendant's business any other mark, designation or term so similar to plaintiff's Mark, Trade Dress, and Slogan as to be likely to cause confusion, or to cause mistake, or to deceive;

(3) otherwise infringing plaintiff's Mark, Trade Dress, and Slogan;

(4) injuring plaintiff's business reputation and the goodwill associated with plaintiff's Mark, Trade Dress, and Slogan, and from otherwise unfairly competing, directly or indirectly with plaintiff; and

(5) causing a likelihood of confusion or misunderstanding as to source, sponsorship, association, affiliation, approval or certification with or by plaintiff, or engaging in conduct tending to create a false commercial impression of plaintiff's products or services or any other conduct that tends to pass off defendant's products or services as those of plaintiff or creates a likelihood of confusion or misunderstanding or false representation;

C. ordering defendant to account for and pay to plaintiff its actual damages by reason of defendant's infringement, unfair competition, and breach of contract, and to account for and pay over to plaintiff all gains, profits and advantages derived by defendant from its infringement, unfair competition, breach of contract, and other unlawful acts, and such other damages as appear proper to the Court;

D. ordering defendant to deliver up for destruction or show proof of such destruction, pursuant to 15 U.S.C. § 1118, all signs, prints, displays, advertisements, packaging, publications, literature, sales aids, promotional items, computer files (including but not limited to any text and/or images that are hosted on defendant's web

site(s) or social media sites, or on any of defendant's computers or hard drives or other storage media) or any other materials in its possession or control or in the possession or control of its agents, that bear the mark PIZZA PIES (PUFFS), the Trade Dress, or the Slogan, alone or in combination with other words or terms or any mark or term confusingly similar to plaintiff's Mark, Trade Dress, and Slogan, including all means of making the same;

  E. granting plaintiff a judgment, pursuant to 815 ILCS § 510/3, for injunctive relief, costs and reasonable attorneys' fees;

  F. granting plaintiff a judgment for punitive damages in an amount to be determined;

  G. ordering defendant to file in Court and to serve upon plaintiff's counsel, within thirty (30) days after entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which defendant has complied with this injunction;

  H. finding defendant to have willfully infringed the Mark, Trade Dress, and Slogan, and awarding plaintiff enhanced damages of three (3) times its compensatory damages for defendant's willful infringement;

  I. awarding plaintiff pre-judgment and post-judgment interest;

  J. finding this to be an "exceptional case" within the meaning of 15 U.S.C. § 1117 and awarding reasonable attorneys' fees to plaintiff;

  K. awarding costs to plaintiff; and

  L. granting plaintiff such other and further relief as may be proper under the circumstances.

Dated:  May 19, 2016                              Respectfully submitted,

                                                          s/ Judith L. Grubner
                                                          Judith L. Grubner – ARDC No. 6180359
                                                          Joseph M. Kuo – ARDC No. 6216400
                                                          Eugene J. Geekie, Jr.– ARDC No. 6195060
                                                          Kevin H. Morse – ARDC No. 6297244
                                                          ARNSTEIN & LEHR LLP
                                                          120 S. Riverside Plaza, Ste. 1200
                                                          Chicago, IL  60606
                                                          Telephone:    (312) 876-7100
                                                          Facsimile:    (312) 876-0288
                                                          E-mail:  jlgrubner@arnstein.com

                                                          *Counsel for Plaintiff*
                                                          *Illinois Tamale Co.*