# EXHIBIT H

# ARNSTEIN & LEHR LLP
*Accomplished lawyers who understand your goals.*

120 South Riverside Plaza · Suite 1200
Chicago, Illinois 60606
Phone 312.876.7100 · Fax 312.876.0288
www.arnstein.com

Judith L. Grubner
312.876.7885
jlgrubner@arnstein.com

December 1, 2015

**Via FedEx**

Ms. Helen Kayaloglou
El-Greg, Inc.
6024 N. Keystone
Chicago, IL 60646

Re:  <u>Use of PIZZA PUFFS</u>

Dear Ms. Kayaloglou:

We represent Illinois Tamale Co. d/b/a ILTACO Foods, owner of incontestable U.S. Trademark Registration No. 3,628,959, issued May 26, 2009, for PIZZA PUFFS for the following goods:

Food package combinations consisting primarily of cheese, meat, vegetables; processed vegetables; frozen entrees consisting primarily of meat, cheese or vegetables; prepared entrees consisting primarily of meat, cheese or vegetables; packaged entrees consisting primarily of meat, cheese or vegetables, frozen meat in International Class 29.

Processed foods, namely, Italian style burritos; dough-based pockets with filling consisting primarily of meats, vegetables, and/or cheese; dough enclosed sandwich with fillings of cheese, sausage, pepperoni, beef, ground beef, pork, peppers, tomato sauce, and/or vegetables, namely, spinach, tomatoes, peppers, onions, and/or mushrooms; fillings of meat, cheese, sauce, vegetables and/or seasonings encased in dough; burritos; pastries; pasties filled with meat, vegetables, and/or cheese; dough enrobed stuffed sandwiches; tarts; ready to heat pasties and tarts for preparation in a toaster, deep fryer, frying pan, microwave or oven; handheld toaster pastries; microwave pastries; stuffed sandwiches comprised of fillings enrobed in pastry or dough; sandwiches; meat pies in International Class 30.

Our client also owns federal registrations for TACO PUFFS and GYRO PUFF for similar goods.

Our client first used the mark PIZZA PUFFS in connection with its goods in commerce on or before December 10, 1979, and has used it continuously since then. A copy of its registration certificate and Notice of Acknowledgement of incontestable status is attached as Exhibit A. It has come to our client's attention that you have adopted and are using PIZZA PIES PUFFS for your goods similar to those of our client, are selling them next to our client's goods in the same stores, and are also falsely claiming to be the "MAKERS OF THE 'ORIGINAL PUFFS.'" A photograph showing the packaging for your goods is attached as Exhibit B.

ILTACO's trademark rights in its federally registered trademark PIZZA PUFFS are being infringed by your use of PIZZA PIES PUFFS to sell competing products. Your false claim to be the makers of the


PLAINTIFF'S EXHIBIT H

**ARNSTEIN & LEHR LLP**

Ms. Helen Kayaloglou
El-Greg, Inc.
December 1, 2015
Page 2

"Original Puffs" is also causing confusion and harming our client. You are not now, and have never been, a licensee or other authorized user of our client's trademark.

Our client's trademark PIZZA PUFFS is widely known within the industry as referring to our client's goods. Given the strength of our client's incontestable trademark, your only purpose in using such a similar mark as PIZZA PIES PUFFS is to trade on the valuable good will associated with our client's trademark for your own commercial benefit, in bad faith. Your unauthorized use of the our client's mark in this manner is likely to cause mistake, confusion, or deception as to whether ILTACO is the source of your goods or whether your goods are affiliated with, authorized, sponsored, or licensed by our client.

It is unlawful to use the mark of another without authorization. Such activity constitutes unfair competition and is a violation of the Lanham Act and other federal and state laws. See 15 U.S.C. § 1125(a)(1)(A) – "any person who, on or in connection with goods or services. . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin. . . which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act." Such laws provide remedies including injunctive relief, damages, defendant's profits, and costs. Triple damages and attorneys' fees are also available. Your unauthorized use of our client's mark constitutes willful trademark infringement.

Your claim to be the makers of the "ORIGINAL PUFFS" constitutes false advertising under 15 U.S.C. § 1125(a)(1)(B), which provides liability for any "false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities."

Accordingly, we hereby demand on behalf of ILTACO that you:

(1) Cease use of our client's trademark on your packaging and in your advertising, and

(2) Account to ILTACO for all sales made of infringing products.

Please understand that our client believes this to be a serious matter. Please send written confirmation within 10 days from delivery of this letter that you will comply with these requests expeditiously or our client will take all necessary action to protect its interests. If you agree to cooperate, our client may be willing to negotiate a reasonable changeover period for you to adopt a new, non-infringing mark.

Sincerely,

Judith L. Grubner

JLG:bms
Enclosures

cc: Kevin Morse