**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ILLINOIS TAMALE CO., ) | |
|     an Illinois corporation, ) | Civil Action No.: 1:16-cv-05387 |
| ) | |
|               Plaintiff, ) | Judge Matthew F. Kennelly |
| v. ) | |
| ) | Magistrate Judge Susan E. Cox |
| EL-GREG, INC., ) | |
|     an Illinois corporation, ) | JURY TRIAL DEMANDED |
| ) | |
|              Defendant. ) | |

## FINAL PRETRIAL ORDER

Pursuant to the Court's rules, the document entitled "Preparation of Final Pretrial Order for Civil Cases Before Judge Kennelly" (Revised 3/2015), and the Court's order entered in this case on May 2, 2018 (ECF #125), the following Final Pretrial Order contains each of the applicable categories of materials identified in the Court's "Preparation of Final Pretrial Order for Civil Cases Before Judge Kennelly," namely:

1. A concise statement of the basis for federal subject matter jurisdiction, and if jurisdiction is disputed, the nature and basis of the dispute;

2. A concise statement of the claims of the Plaintiffs, defenses of the Defendants, and any counterclaims and cross claims;

3. An itemization of damages and other relief sought;

4. A list of witnesses who may or will be called either live or by deposition, and all objections thereto, as well as a list of all deposition designations (by page and line), counter-designations (by page and line), a concise statement of objections thereto (including the bases for the objections), and a concise statement of the asserted basis of admissibility; except that each party reserves the right to call such rebuttal witnesses (who are not presently identifiable) as may be necessary;

5. A schedule of all exhibits that each side intends to enter into evidence (as well as any demonstrative exhibits or evidence), identified by trial exhibit number, with a brief description of each exhibit; and all objections thereto;

5. A statement confirming that this is a jury trial and an estimate of the length of trial;

6. Proposed voir dire questions; and

8. A listing of agreed jury instructions and disputed jury instructions (including supporting authority for disputed instructions and objections thereto), as well as a flash drive containing the proposed jury instructions in Microsoft Word format.

This Order will control the course of the trial and may not be amended except by consent of the parties, or by order of the Court to prevent manifest injustice.

Dated: September 24, 2018

Respectfully submitted,

s/ Joseph M. Kuo
Joseph M. Kuo
Eugene J. Geekie, Jr.
Kevin H. Morse
Kellie Y. Chen
Saul Ewing Arnstein & Lehr LLP
161 N. Clark St, Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7100
Facsimile: (312) 876-0288

*Counsel for Plaintiff*
*Illinois Tamale Co.*

Respectfully submitted,

s/ Alan I. Becker
Alan I. Becker, Esq.
Ryan D. Janski, Esq.
Litchfield Cavo LLP
303 W. Madison Street, Suite 300
Chicago, Illinois 60606
Telephone: (312) 781-6622 (Becker)
Telephone: (312) 781-6667 (Janski)
Facsimile: (312) 781-6630

*Counsel for Defendant*
*El-Greg, Inc.*

SO ORDERED:

Date: _____  _____
MATTHEW F. KENNELLY
United States District Judge

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ILLINOIS TAMALE CO., <br> an Illinois corporation, <br><br> Plaintiff, <br> v. <br><br> EL-GREG, INC., <br> an Illinois corporation, <br><br> Defendant. | Civil Action No.: 1:16-cv-05387 <br><br> Judge Matthew F. Kennelly <br><br> Magistrate Judge Susan E. Cox <br><br> JURY TRIAL DEMANDED |

**FINAL PRETRIAL ORDER**

Pursuant to the Court's order entered in this case on May 2, 2018 (ECF #125), Plaintiff Illinois Tamale Co. and Defendant El-Greg, Inc., by their respective counsel, hereby submit this Final Pretrial Order.

1. **Jurisdiction.**

This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) and the pendent jurisdiction of this court.

2. **Claims.**

Illinois Tamale Co. is a company that manufactures and sells a variety of frozen food products at retail and wholesale. This is an action for (1) trademark infringement under the Federal Trademark Act, also known as the Lanham Act (15 U.S.C. §§ 1051-1127); (2) trade dress infringement under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (3) false designation of origin, or false or misleading description or representation of fact under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (4) unfair competition and deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act (815 ILCS §§ 510/1-510/7); (5) unfair competition under

3

Illinois common law; and (6) breach of contract. As to numbers 1 and 3 through 6, Plaintiff contends that Defendant's use of the mark "Pizza Pie (Puff)" on competing products is likely to confuse consumers as to the source of such goods because the mark is confusingly similar to Plaintiff's PIZZA PUFFS mark. As to number 2, Plaintiff contends that the overall impression of a label used by Defendant on some of its packages for competing products is likely to confuse consumers as to the source of such goods due to the similarities of the accused label with Plaintiff's label. As to numbers 3 through 5, Plaintiff further contends that Defendant's use of "Pizza Pie (Puff)," "Veggie Puffs," "Chili Cheese Puff" and "Deluxe Beef Puffs" on competing products is likely to confuse consumers as to the source of such goods due to the use of the word "Puff" or "Puffs" in view of Plaintiff's family of marks, which include the common element "Puff" or "Puffs."

Defendant contends that its label, used solely for one customer, was "Pizza Pies™ (Puffs) did not infringe Plaintiff's mark and that there is neither evidence of actual confusion or likely confusion. Defendant further contends that Plaintiffs mark is no longer enforceable because the term pizza puffs has become generic. Defendant contends that its labeling which bore a photograph of its product as the dominant feature and which photograph Defendant was already using in commerce does not infringe Plaintiff's trade dress. Defendant contends that Plaintiff does not have rights to a family of marks based on the word "puffs" as there is no evidence that consumers associated the word puffs with Plaintiff at the time Defendant began using the word puffs in connection with its products or at any time since. Defendant contends that Plaintiff failed to bring its complaint within three years of learning of Defendant's label and is therefore guilty of laches, barring Plaintiff's claim for damages or at least limiting the claim to the period

4

beginning with the date the complaint was filed. Defendant contends that its use of the accused label did not breach the terms of any contract.

3. **Relief sought.**

Plaintiff seeks injunctive relief, and an award disgorging Defendant's profits ($1,282,841). Alternatively, ILTACO suffered actual damages in the amount of $148,329 in the form of lost profits from July 1, 2010 through December 31, 2016 due to El-Greg's infringement of ILTACO's Pizza Puffs Mark. Plaintiff further seeks an enhancement of damages, up to treble damages, for Defendant's willful infringement. Plaintiff further seeks its reasonable attorney's fees, which Plaintiff expects will exceed $650,000 after trial.

Defendant seeks a determination that Plaintiff's mark has become generic and thus not enforceable and seeks dismissal of all of Plaintiff's claims. Defendant contends that it has not willfully infringed any trademark and that Plaintiff would not be entitled to enhanced damages or attorneys fees.

4. **Witnesses.**

**Plaintiff's List of Witnesses Who Will Be Called**

| Plaintiff's Witnesses | Defendant's Objections |
|---|---|
| 1. Adam Shabaz, c/o Joseph Kuo, Saul Ewing Arnstein & Lehr LLP, 161 N. Clark St, Suite 4200, Chicago, Illinois 60601 | |
| 2. Warren Shabaz, c/o Joseph Kuo, Saul Ewing Arnstein & Lehr LLP, 161 N. Clark St, Suite 4200, Chicago, Illinois 60601 | |
| 3. Thomas Maronick, c/o Joseph Kuo, Saul Ewing Arnstein & Lehr LLP, 161 N. Clark St, Suite 4200, Chicago, Illinois 60601 | Defendant has filed a Motion In *Limine* regarding Mr. Maronick's opinion re: family of works. |
| 4. William Polash, c/o Joseph Kuo, Saul Ewing Arnstein & Lehr LLP, 161 N. | Defendant has filed a Motion In *Limine* regarding Mr. Polash. |

|  |  |
|---|---|
| Clark St, Suite 4200, Chicago, Illinois 60601 |  |
| 5. Greg Lereno, c/o Alan Becker, Litchfield Cavo LLP, 303 W. Madison Street, Suite 300, Chicago, Illinois 60606 |  |
| 6. Maria Lereno, c/o Alan Becker, Litchfield Cavo LLP, 303 W. Madison Street, Suite 300, Chicago, Illinois 60606 |  |

**Plaintiff's List of Depositions To Be Used**

None at this time. If any of the witnesses listed above are unavailable or unable to testify at trial, Plaintiff reserves the right to use those individuals' depositions.

Plaintiff reserves the right to call at trial:

1. Rebuttal witnesses, to the extent necessary;

2. Any and all witnesses listed by Defendant;

3. Any custodian of records necessary to authenticate documents; and

4. Any and all witnesses necessary to lay the foundation for the admissibility of an exhibit.

**Defendant's List of Witnesses Who Will Be Called**

| Defendant's Witnesses | Plaintiff's Objections |
|---|---|
| 1. Greg Lereno, c/o Alan Becker, Litchfield Cavo LLP, 303 W. Madison Street, Suite 300, Chicago, Illinois 60606 |  |
| 2. Maria Lereno, c/o Alan Becker, Litchfield Cavo LLP, 303 W. Madison Street, Suite 300, Chicago, Illinois 60606 |  |
| 3. Ryan D. Janski, c/o Alan Becker, Litchfield Cavo LLP, 303 W. Madison Street, Suite 300, Chicago, Illinois 60606 | Not disclosed as a fact witness and not properly disclosed as an expert witness. Opinion not proper. See ILTACO's Motion In *Limine*. |
| 4. Lindsey G. Fisher, c/o Alan Becker, Litchfield Cavo LLP, 303 W. Madison Street, Suite 300, Chicago, Illinois 60606 |  |
| 5. Professor Martin P. Block, c/o Alan Becker, Litchfield Cavo LLP, 303 W. |  |

| | |
|---|---|
| Madison Street, Suite 300, Chicago, Illinois 60606 | |

**Defendant's List of Witnesses Who May Be Called**

| Defendant's Witnesses | Plaintiff's Objections |
|---|---|
| 1. Adam Shabaz, c/o Joseph Kuo, Saul Ewing Arnstein & Lehr LLP, 161 N. Clark St, Suite 4200, Chicago, Illinois 60601 | |

**Defendant's List of Depositions To Be Used**

None at this time. If any of the witnesses listed above are unavailable or unable to testify at trial, Defendant reserves the right to use those individuals' depositions.

Defendant reserves the right to call at trial:

1. Rebuttal witnesses, to the extent necessary;

2. Any and all witnesses listed by Plaintiff;

3. Any custodian of records necessary to authenticate documents; and

4. Any and all witnesses necessary to lay the foundation for the admissibility of an exhibit.

**5. Exhibits.**

**Plaintiff's Exhibits**

| Exhibit No. | Plaintiff's Exhibits | Defendant's Objections to Plaintiff's Exhibits |
|---|---|---|
| Ex. 1 | "Pizza Puffs" trademark registration certificate and notice of acceptance (Compl. Ex. A) | |
| Ex. 2 | "Taco Puffs" trademark registration certificate and notice of acceptance (Compl. Ex. B) | |
| Ex. 3 | "Gyro Puff" trademark registration certificate and notice of acceptance (Compl. Ex. C) | |
| Ex. 4 | ILTACO website advertisement with slogan (Compl. Ex. D) | |

| Exhibit No. | Plaintiff's Exhibits | Defendant's Objections to Plaintiff's Exhibits |
|---|---|---|
| Ex. 5 | ILTACO "Pizza Puffs" packaging (Compl. Ex. E) | |
| Ex. 6 | El-GREG advertisements (Compl. Ex. F) | |
| Ex. 7 | Photograph of El-Greg and ILTACO products (Picture in compl.) | Best Evidence Rule. Foundation, hearsay, authenticity. |
| Ex. 8 | Photograph of El-Greg packaging (Compl. Ex. G-1) | Foundation, hearsay, authenticity. |
| Ex. 9 | Photograph of El-Greg alternate packaging (Compl. Ex. G-2) | Foundation, hearsay, authenticity. |
| Ex. 10 | December 1, 2015 letter to El-GREG from ILTACO (Compl. Ex. H) | |
| Ex. 11 | November 15, 2004 settlement agreement (Compl. Ex. I) | |
| Ex. 12 | April 23, 2013 "Veggie Pizza Puff" Facebook posting (Compl. Ex. J) | Foundation, hearsay, authenticity. |
| Ex. 13 | Photograph of Chili Cheese Puffs and Deluxe Beef Puffs in retail outlets (Picture in compl.) | Foundation, hearsay, authenticity. |
| Ex. 14 | ILTACO Puffs Family advertising (Plf.'s Mot. for Summ. J. Ex. B) | Objection to characterization of "family" in description on this list to immediate left. Lack of Foundation. |
| Ex. 15 | Screenshot of ILTACO Website Listing of Puff Products (Plf.'s Mot. for Summ. J. Ex. C) | Foundation, hearsay, authenticity. |
| Ex. 16 | Screen captures of competitors' products as on their websites (Plf.'s Mot. for Summ. J. Ex. E) | Foundation, hearsay, authenticity. |
| Ex. 17 | Examples of El-Greg's sales by item spreadsheets (highly confidential) (Plf.'s Mot. for Summ. J. Ex. J) | |
| Ex. 18 | Published dictionary definition searches for "pizza puff" (Plf.'s Mot. for Summ. J. Ex. K) | Foundation, hearsay, authenticity. |
| Ex. 19 | USPTO ID Manual Search Results (Plf.'s Mot. for Summ. J. Ex. L) | Foundation, hearsay, authenticity. |
| Ex. 20 | "Ham Breakfast Puff" Trademark Application (Plf.'s Mot. for Summ. J. Ex. M) | |
| Ex. 21 | ILTACO Puffs Family Marks (Plf.'s Mot. for Summ. J. Ex. N) | Objection to characterization of "family" in description on this list to immediate left. |

| Exhibit No. | Plaintiff's Exhibits | Defendant's Objections to Plaintiff's Exhibits |
|---|---|---|
| Ex. 22 | Examples of competitor brand name registrations (Plf.'s Mot. for Summ. J. Ex. O)[1] | Foundation, hearsay, authenticity. |
| Ex. 23 | Published dictionary definitions of "puff" (Plf.'s Mot. for Summ. J. Ex. P) | Foundation, hearsay, authenticity. |
| Ex. 24 | Articles and publications about "pizza puff" brand (Plf.'s Mot. for Summ. J. Ex. R) | Foundation, hearsay, authenticity. |
| Ex. 25 | Examples of Google® searches (Plf.'s Mot. for Summ. J. Ex. S) | Relevance. Foundation, hearsay, authenticity. |
| Ex. 26 | Tator Tots trademark (Plf.'s Mot. for Summ. J. Ex. T) | Relevance. Foundation, hearsay, authenticity. |
| Ex. 27 | Puffed corn products (Plf.'s Mot. for Summ. J. Ex. U) | Foundation, hearsay, authenticity. |
| Ex. 28 | Menus listing Coca-Cola® products (Plf.'s Mot. for Summ. J. Ex. V) | |
| Ex. 29 | Recipes for "pizza puffs" (Plf.'s Mot. for Summ. J. Ex. W) | |
| Ex. 30 | ILTACO 1991-1993 documents (ILTACO_0000000001-3) | |
| Ex. 31 | ILTACO 1995 annotated price list (ILTACO_0000000004-6) | |
| Ex. 32 | ILTACO 1997 codes, descriptions and prices (ILTACO_0000000007-10) | |
| Ex. 33 | ILTACO 1998 codes and advertising (ILTACO_0000000011-14) | |
| Ex. 34 | ILTACO puffs advertising (ILTACO_0000000021-23) | |
| Ex. 35 | ILTACO puffs advertising 2 (ILTACO_0000000024) | |
| Ex. 36 | ILTACO Incredible Tastes advertising (ILTACO_0000000041-42) | |
| Ex. 37 | Various puffs advertising (ILTACO_0000000057-58) | |
| Ex. 38 | ILTACO Puffs codes (ILTACO_0000000090) | |
| Ex. 39 | ILTACO 1995 price list (ILTACO_0000000097) | |
| Ex. 40 | Trademark renewal application (ILTACO_0000028979) | |
| Ex. 41 | 03.21.2013 email between A. Kaczorowski and A. Shabaz (ILTACO_0000005269-70) | Relevance |
| Ex. 42 | 08.29.2011 email between M. Horwitz and A. | Hearsay |

---

[1] Plaintiff's Exhibits 22 through 29 are being offered in rebuttal to Defendant's Exhibits 1 through 780. To the extent that this Court bars those exhibits based on Plaintiff's objection, these exhibits will also be barred.

| Exhibit No. | Plaintiff's Exhibits | Defendant's Objections to Plaintiff's Exhibits |
|---|---|---|
| | Shabaz (ILTACO_0000001097-98) | |
| Ex. 43 | 03.27.2014 email between A. Kaczorowski and A. Shabaz (ILTACO_0000001839-1840) | Relevance |
| Ex. 44 | 04.01.2010 email between A. Shabaz and N. Lewis (ILTACO_0000002159) | Relevance |
| Ex. 45 | 08.29.2011 email between A. Shabaz and C. Hlotke (ILTACO_0000002508-09) | Relevance |
| Ex. 46 | Restaurant Depot Flyer (ILTACO_0000040371) | |
| Ex. 47 | 07.09.2013 email between M. Horwitz, A. Shabaz and A. Kaczorowski (ILTACO_0000003124) | Relevance/Hearsay |
| Ex. 48 | 08.30.2011 email between M. Horwitz, A. Shabaz, C. Hlotke and A. Richko (ILTACO_0000003920-22) | Relevance/Hearsay. |
| Ex. 49 | 05.20.2013 email between Alisha Shabaz, Adam Shabaz, Andrew Shabaz and W. Shabaz (ILTACO_0000005288) | Relevance/Hearsay. |
| Ex. 50 | Cryovac confidentiality notice (ILTACO_0000000446) | |
| Ex. 51 | Gerber® Organic Puffs (ILTACO_0000000514) | |
| Ex. 52 | William Polash CV | |
| Ex. 53 | William Polash September 15, 2017 Expert Report | |
| Ex. 54 | William Polash November 17, 2017 Rebuttal Expert Report | |
| Ex. 55 | William Polash Expert File (ILTACO_0000032717-40370) | "Expert File" is too ambiguous to determine specifically what ILTACO intends to be Plaintiff's Exhibit 56. Foundation, hearsay, authenticity, relevance. |
| Ex. 56 | Thomas Maronick Expert Surveys (ILTACO_0000032710-32711) | Foundation, hearsay, authenticity, relevance, and incomplete. |
| Ex. 57 | August 18, 2011 Letter to Greg Lereno (ILTACO_0000029006-29013) | |
| Ex. 58 | Maria Lereno emails (EG_006509-6514) | |
| Ex. 59 | Packing List #38195 (Prairie_000004) | |
| Ex. 60 | El-Greg Invoice 13029 (EG_004223) | Relevance. |
| Ex. 61 | El-Greg 2006 Sales Summary (EG_7288-7290) | |

10

| Exhibit No. | Plaintiff's Exhibits | Defendant's Objections to Plaintiff's Exhibits |
|---|---|---|
| Ex. 62 | El-Greg 2007 Sales Summary (EG_7291-7296) | |
| Ex. 63 | El-Greg 2008 Sales Summary (EG_7297-7302) | |
| Ex. 64 | El-Greg 2009 Sales Summary (EG_7303-7308) | |
| Ex. 65 | El-Greg 2010 Sales Summary (EG_7309-7314) | |
| Ex. 66 | El-Greg 2011 Sales Summary (EG_7315-7322) | |
| Ex. 67 | El-Greg 2012 Sales Summary (EG_7323-7328) | |
| Ex. 68 | El-Greg 2013 Sales Summary (EG_7329-7331) | |
| Ex. 69 | El-Greg 2014 Sales Summary (EG_7332-7334) | |
| Ex. 70 | El-Greg 2015 Sales Summary (EG_7335-7337) | |
| Ex. 71 | El-Greg 2015 Sales Summary (EG_7338-7343) | |

Plaintiff reserves the right to use any exhibits in Defendant's Exhibit List.

**Defendant's Exhibits**

Defendant's Exhibit List is attached hereto as **Exhibit A**.

6. **Type and length of trial.**

Plaintiff has demanded a trial by jury. At present, the parties expect the jury trial to take five (5) days.

7. **Joint proposed voir dire questions.**

    1. Have you ever been a business owner? If so, what type of business?

    2. Have you ever heard of ILTACO? How?

    3. Have you ever heard of El Greg? How?

    4. Have you ever had a product manufactured by ILTACO?

    5. Have you ever had a product manufactured by El-Greg?

11

6. Have you ever been a victim of theft and/or sued another party for that theft?

7. Has anyone every accused you of taking something and/or sued you for that theft?

8. Do you have a trademark?

9. Have you ever entered into a contract where you were accused of breaching the contract?

10. Have you ever entered into a contract where the other party was accused of breaching the contract?

**8. Proposed jury instructions.**

Agreed instructions are attached hereto as **Exhibit B**, ILTACO's contested instructions are attached hereto as **Exhibit C**, and EL-Greg's contested instructions are attached hereto as **Exhibit D**.

Dated: September 24, 2018

Respectfully submitted,

s/ Joseph M. Kuo
Joseph M. Kuo
Eugene J. Geekie, Jr.
Kevin H. Morse
Kellie Y. Chen
Saul Ewing Arnstein & Lehr LLP
161 N. Clark St, Suite 4200
Chicago, IL  60601
Telephone:   (312) 876-7100
Facsimile:    (312) 876-0288

*Counsel for Plaintiff*
*Illinois Tamale Co.*

Respectfully submitted,

s/ Alan I. Becker
Alan I. Becker, Esq.
Ryan D. Janski, Esq.
Litchfield Cavo LLP
303 W. Madison Street, Suite 300
Chicago, Illinois 60606
Telephone: (312) 781-6622 (Becker)
Telephone: (312) 781-6667 (Janski)
Facsimile: (312) 781-6630

*Counsel for Defendant*
*El-Greg, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and thereby caused it to be served on all counsel of record registered to receive such service.

/s/ Joseph M. Kuo
Joseph M. Kuo