# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ILLINOIS TAMALE CO.    )
  an Illinois corporation,   )   Civil Action No.: 1:16-cv-05387
            )
      Plaintiff,   )   Judge Matthew F. Kennelly
  v.         )
            )
EL-GREG, INC.      )
  an Illinois corporation,   )
            )
      Defendant.  )

**<u>AGREED PROPOSED JURY INSTRUCTIONS</u>**

# 1. PRELIMINARY INSTRUCTIONS

## 1.01 BACKGROUND[1]

---

[1] Please see ILTACO's Contested Jury Instructions, attached as Exhibit C, and El-Greg's Contested Jury Instructions, attached as Exhibit D.

## 1.02 HOW EVIDENCE IS PRESENTED

The attorneys for both ILTACO and El-Greg will elicit evidence about this case in a variety of ways. While the parties' presentations each begin with a brief "Opening Statement," it is important to note that these statements are not evidence in this case and are not to be considered as evidence. Rather, they are intended to give you a broad view of both ILTACO's and El-Greg's respective theories of the case and what they plan to show you at trial.

Following opening statements, the parties will present their respective cases in chief. Through the use of witness testimony (from both lay and expert witnesses), deposition testimony, and exhibits (some of which may be demonstrative), the parties will each present you with the evidence they feel should be considered to decide this case. It is important that you listen to me about all evidence, as it may be necessary for me to instruct you not to consider certain exhibits and/or certain testimony which comes up at trial.

Finally, the parties will conclude with their attorneys each presenting a closing argument to you. The attorneys will summarize what they have shown you, and will even likely re-show you certain pieces of evidence that have been entered over the course of the trial.

After the conclusion of closing statements, you will retire to the jury room and deliberate using instructions which I will provide for you. When comfortable with your decision as a jury, you will then return to the courtroom and announce your verdict to the parties.

**2. GENERAL INSTRUCTIONS**

## 2.01 FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## 2.02 NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

## 2.03 ALL LITIGANTS EQUAL BEFORE THE LAW

In this case, both of the parties are corporations. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

### 2.04 EVIDENCE

The evidence consists of the testimony of the witnesses, and the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony

I have taken judicial notice of certain facts. You must accept those facts as proved.

## 2.05 DEPOSITION TESTIMONY [IF NECESSARY]

During the trial, certain testimony was presented to you by the reading of depositions. You should give this testimony the same consideration you would give it had the witness(es) appeared and testified in court.

## 2.06 WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## 2.07 NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## 2.08 CONSIDERATION OF ALL EVIDENCE
## REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## 2.09 LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

## 2.10 WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

### 2.11 DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact or series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is snowing is testimony from the witness who says, "I was outside a minute ago and I saw that it was snowing." <u>Circumstantial evidence</u> that it is snowing is the observation of someone entering a room with snow on their shoes and clothes.

The law makes no distinction between the weight to be given the either direct or circumstantial evidence. You should decide how much weight to give any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## 2.12 TESTIMONY OF WITNESSES
## (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any representative of any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

17

## 2.13 PRIOR INCONSISTENT STATEMENTS OR ACTS

You may consider statements given by a Party or a Witness under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

## 2.14 LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

## 2.15 NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

## 2.16 ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## 2.17 EXPERT WITNESSES

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

## 2.18 MULTIPLE CLAIMS

You must give separate consideration to each claim in this case.

## 2.19 BURDEN OF PROOF – PREPONDERENCE OF
## THE EVIDENCE

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all of the evidence in the case, you must be persuaded that it is more probably true than not true.

## 2.20 BURDEN OF PROOF – CLEAR AND
## CONVINCING EVIDENCE [IF NECESSARY]

When I say that a particular party must prove something by "clear and convincing evidence," this is what I mean: When you considered all of the evidence, you have a firm belief or conviction as to the truth of the allegations sought to be established. Put differently, you must believe that the evidence is so clear, direct, and weighty and convincing as to enable you to conclude without hesitancy as to the truth of the facts in issue.

## 2.21 NO NEED TO CONSIDER DAMAGES INSTRUCTION

If you decide for the defendant on the question of liability, then you should not consider the question of damages.

## 2.22 AFFIRMATIVE DEFENSES

An affirmative defense is a fact or set of facts that a defendant in a lawsuit can raise in order to defeat or mitigate legal consequences of its unlawful conduct. Affirmative defenses are only to be considered if you find that the plaintiff has met its burden with respect to a particular claim. An affirmative defense essentially allows a defendant in a lawsuit to say, "Yes, plaintiff's allegations are true, but, for the following reasons I should still not be liable on plaintiff's claims."

If you find that ILTACO has not met its burden with one or several of its claims, you are not to consider El-Greg's affirmative defenses to that claim or claims.

El-Greg has the burden of proving its affirmative defenses.

## 2.23 SELECTION OF PRESIDING JUROR/FOREMAN:
## GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror/foreman. The presiding juror/foreman will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

## 2.24 COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

## 2.25 DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weigh or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**3. TRADEMARK INFRINGEMENT (PIZZA PUFFS)**

**3.01 TRADEMARK INFRINGEMENT (PIZZA PUFFS MARK)**
**TRADEMARK DEFINED[1]**

---

[1] Please see ILTACO's Contested Jury Instructions, attached as Exhibit C, and El-Greg's Contested Jury Instructions, attached as Exhibit D.

## 3.02 TRADEMARK INFRINGEMENT (PIZZA PUFFS MARK)
## NATURE OF THE CLAIM

ILTACO contends that El-Greg has infringed ILTACO's federally registered Pizza Puffs trademark.

The purpose of trademark law is to prevent confusion among consumers about the source of products and to permit trademark owners to show ownership of their products and control their product's reputation.

ILTACO contends that El-Greg infringed ILTACO's Pizza Puffs trademark by selling, marketing, and advertising its competing products as a "Pizza Pie™ (Puff)."

ILTACO contends that the public is likely to believe that El-Greg's "Pizza Pie™ (Puff)" product is in some way affiliated with, or sponsored by, ILTACO. El-Greg denies this claim. El-Greg contends that is use of "Pizza Pie™ (Puff)" was fair use because it did so to describe the nature of the products that it sold. El-Greg further contends that the term Pizza Puffs is generic which cannot be protected by trademark.

**3.03 TRADEMARK INFRINGEMENT (PIZZA PUFFS MARK)
VALIDITY[1]**

---

[1] Please see ILTACO's Contested Jury Instructions, attached as Exhibit C, and El-Greg's Contested Jury Instructions, attached as Exhibit D.

## 3.04 TRADEMARK INFRINGEMENT (PIZZA PUFFS MARK)
## LIABILITY

ILTACO contends that El-Greg infringed ILTACO's trademark. To succeed on this claim, ILTACO must prove by a preponderance of the evidence that El-Greg's use of "Pizza Pie™ (Puff)" is likely to cause confusion, mistake or deception as to the source, affiliation, connection or association of El-Greg and El-Greg's goods as being with ILTACO, or as to the sponsorship, approval or affiliation of El-Greg by or with ILTACO.

## 3.05 TRADEMARK INFRINGEMENT (PIZZA PUFFS MARK)
## WILLFULNESS[1]

---

[1] Please see ILTACO's Contested Jury Instructions, attached as Exhibit C, and El-Greg's Contested Jury Instructions, attached as Exhibit D.

**3.06 TRADEMARK INFRINGEMENT (PIZZA PUFFS MARK)**
**AFFIRMATIVE DEFENSE #1 - GENERICNESS[1]**

---

[1] Please see ILTACO's Contested Jury Instructions, attached as Exhibit C, and El-Greg's Contested Jury Instructions, attached as Exhibit D.

**3.07 TRADEMARK INFRINGEMENT (PIZZA PUFFS MARK)
AFFIRMATIVE DEFENSE #2 – FAIR USE**[1]

---

[1] Please see ILTACO's Contested Jury Instructions, attached as Exhibit C, and El-Greg's Contested Jury Instructions, attached as Exhibit D.

**3.08 TRADEMARK INFRINGEMENT (PIZZA PUFFS MARK)
DAMAGES – INTRODUCTION[1]**

---

[1] Please see ILTACO's Contested Jury Instructions, attached as Exhibit C, and El-Greg's Contested Jury Instructions, attached as Exhibit D.

## 3.09 TRADEMARK INFRINGEMENT (PIZZA PUFFS MARK) DAMAGES[1]

---

[1] Please see ILTACO's Contested Jury Instructions, attached as Exhibit C, and El-Greg's Contested Jury Instructions, attached as Exhibit D.

**3.10 TRADEMARK INFRINGEMENT (PIZZA PUFFS MARK)**
**LOST PROFITS[1]**

---

[1] Please see ILTACO's Contested Jury Instructions, attached as Exhibit C, and El-Greg's Contested Jury Instructions, attached as Exhibit D.

**4. TRADEMARK INFRINGEMENT (PUFF MARKS FAMILY)[1]**

---

[1] Please see ILTACO's Contested Jury Instructions, attached as Exhibit C, and El-Greg's Contested Jury Instructions, attached as Exhibit D.

**5. TRADE DRESS INFRINGEMENT**

## 5.01 TRADE DRESS INFRINGEMENT -
## TRADE DRESS DEFINED

A trade dress is a type of trademark used by a company to identify its product, to distinguish its product from those manufactured or sold by others, and to indicate the source of his product. The term "trade dress" refers to the total image of a product, product label, product design, the product's component parts, or a combination of these things. It includes features such as size, shape, color or color combinations, texture, graphics, or particular sales techniques.

## 5.02 TRADE DRESS INFRINGEMENT – NATURE OF CLAIM

ILTACO contends that El-Greg has infringed ILTACO's trade dress of ILTACO's label for PIZZA PUFFS with the label used by El Greg for products it sold to Restaurant Depot.

In order for ILTACO to prevail on its claim for trade dress infringement, it must establish that it owns the design for its label, that its label constitutes a valid trade dress, that El-Greg used this trade dress (or a similar trade dress) in the sale of its good through interstate commerce, and that El-Greg's conduct is likely to cause confusion or deception among the consumer public.

**5.03 TRADE DRESS INFRINGEMENT – VALIDITY[1]**

---

[1] Please see ILTACO's Contested Jury Instructions, attached as Exhibit C, and El-Greg's Contested Jury Instructions, attached as Exhibit D.

## 5.04 TRADE DRESS INFRINGEMENT – LIABILITY

ILTACO contends that El-Greg infringed ILTACO's trade dress. To succeed on this claim, ILTACO must prove the following things by a preponderance of the evidence:

1. ILTACO owns the design for the label;
2. ILTACO's label is a valid trade dress;
3. El-Greg used a label on its products in a manner that is likely to cause confusion, mistake or deception as to the source, affiliation, connection or association of El-Greg and El-Greg's goods with ILTACO, or as to the sponsorship, approval or affiliation of El-Greg by or with ILTACO.

If you find that ILTACO has proved each of these things by a preponderance of the evidence, then you must find for ILTACO. However, if ILTACO did not prove each of these things by a preponderance of the evidence, then you must find for El-Greg. If you find that ILTACO has proved all of the three elements, you must consider El Greg's defense of fair use.

47

## 5.05 TRADE DRESS INFRINGEMENT – WILLFULNESS[1]

---

[1] Please see ILTACO's Contested Jury Instructions, attached as Exhibit C, and El-Greg's Contested Jury Instructions, attached as Exhibit D.

**5.06 TRADE DRESS INFRINGEMENT**
**AFFIRMATIVE DEFENSE #1 – FAIR USE[1]**

---

[1] Please see ILTACO's Contested Jury Instructions, attached as Exhibit C, and El-Greg's Contested Jury Instructions, attached as Exhibit D.

## 5.07 TRADE DRESS INFRINGEMENT - DAMAGES
## DAMAGES[1]

---

[1] Please see ILTACO's Contested Jury Instructions, attached as Exhibit C, and El-Greg's Contested Jury Instructions, attached as Exhibit D.

**5.08 TRADE DRESS INFRINGEMENT – DAMAGES**
**LOST PROFITS[1]**

.

---

[1] Please see ILTACO's Contested Jury Instructions, attached as Exhibit C, and El-Greg's Contested Jury Instructions, attached as Exhibit D.

**6. FALSE DESIGNATION OF ORIGIN[1]**

---

[1] Please see ILTACO's Contested Jury Instructions, attached as Exhibit C, and El-Greg's Contested Jury Instructions, attached as Exhibit D.

# 7. FALSE ADVERTISING[1]

---

[1] Please see ILTACO's Contested Jury Instructions, attached as Exhibit C, and El-Greg's Contested Jury Instructions, attached as Exhibit D.

## 8. UNFAIR COMPETITION/DECEPTIVE TRADE PRACTICES[1]

---

[1] Please see ILTACO's Contested Jury Instructions, attached as Exhibit C, and El-Greg's Contested Jury Instructions, attached as Exhibit D.

**9. COMMON LAW TRADEMARK INFRINGEMENT[1]**

---

[1] Please see ILTACO's Contested Jury Instructions, attached as Exhibit C, and El-Greg's Contested Jury Instructions, attached as Exhibit D.

**10. BREACH OF CONTRACT**

## 10.01 BREACH OF CONTRACT – NATURE OF THE CLAIM

When I use the word "contract," I am referring to the Settlement Agreement and Mutual Release entered into between ILTACO and El-Greg on November 15, 2004. I will refer to this contract as the "Settlement Agreement."

The relevant terms of the Settlement Agreement are as follows:

El-Greg agreed not to use the term "Pizza Puff" alone or in combination with other words or design as a trademark, service mark, trade name, trade name component, or other use in the marketing or advertising of their respective goods and services or as an identification of the respective goods and services.

Both ILTACO and El-Greg agree that the Settlement Agreement is a valid and enforceable contract. ILTACO argues that El-Greg has breached the terms of the Settlement Agreement by selling its goods with the label "Pizza Pies™ (Puffs) and through marketing a product on social media as a "Veggie Pizza Puffs."

El-Greg admits that it sells products with the label "Pizza Pies™ (Puffs)" but denies that it sells a product labeled "Veggie Pizza Puffs." Whether El-Greg sells these products and whether such a sale violates the parties Settlement Agreement are for you to decide.

## 10.02 BREACH OF CONTRACT – LIABILITY

To prevail on its claim of breach of contract, ILTACO must prove each of the following propositions by a preponderance of the evidence:

1. The existence of a contract between ILTACO and El-Greg;
2. Performance by ILTACO;
3. El-Greg's failure to perform its obligations under the contract;
4. Damages to ILTACO as a result.

The first two elements are not at issue in this case. ILTACO and El-Greg agree that the Settlement Agreement is a valid contract and that ILTACO has performed is duties thereunder. Rather, El-Greg denies that it has failed to perform its obligations under the contract and denies that ILTACO has been damaged as a result of El-Greg's conduct.

The material terms of the Settlement Agreement provide that:

EL-GREG . . . and their respective shareholders, officers, directors and employees, will not use "Pizza Puff" alone or in combination with other words or design . . . as a trademark, service mark, trade name, trade name component, . . . or as an identification of their respective goods or services.

If you find by a preponderance of the evidence that El-Greg did not perform its obligations under the contract and ILTACO has been damaged as a result, you must find in favor of ILTACO on its breach of contract claim. If you find by a preponderance of the evidence that El-Greg did perform its obligations under the contract, or that ILTACO has not sustained damages, then you must find in favor of El-Greg.

58

## 10.03 BREACH OF CONTRACT – DAMAGES GENERALLY

If you decide that ILTACO has met its burden of proving that El-Greg breached the Settlement Agreement between ILTACO and El-Greg, you must fix the amount of money damages to which ILTACO is entitled under the terms of the contract.

If you decide that ILTACO has not met its burden of proving that El-Greg breached the Settlement Agreement between ILTACO and El-Greg, or that El-Greg has proven it is not liable under an affirmative defense, you will have no occasion to consider the question of damages.

You should not interpret the fact that I am giving instructions about damages as an indication in any way that I believe that ILTACO should, or should not, prevail on this claim. That is your function, and yours alone. I am instructing you on damages so that you will have guidance in the event you decide that El-Greg is liable to ILTACO and that ILTACO is entitled to recover money from El-Greg.

**10.04 BREACH OF CONTRACT – DAMAGES CALCULATION**[1]

---

[1] Please see ILTACO's Contested Jury Instructions, attached as Exhibit C, and El-Greg's Contested Jury Instructions, attached as Exhibit D.