# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ILLINOIS TAMALE CO. )
    an Illinois corporation, )     Civil Action No.: 1:16-cv-05387
        )
        Plaintiff, )     Judge Matthew F. Kennelly
    v. )
        )
EL-GREG, INC. )
    an Illinois corporation, )
        )
        Defendant. )

**EL-GREG, INC.'S CONTESTED PROPOSED JURY INSTRUCTIONS**

# 1. PRELIMINARY INSTRUCTIONS

## 1.01 BACKGROUND

This case involves a dispute between Plaintiff, Illinois Tamale Co. ("ILTACO") and Defendant, El-Greg, Inc. ("El-Greg"). ILTACO and El-Greg are both manufacturers and distributors of frozen foods products, including snacks and entrees, to restaurants, grocery stores, and other food sellers. ILTACO offers a variety of products. ILTACO's "Pizza Puffs" are one of its flagship products. ILTACO has a federally registered trademark on Pizza Puffs.[1] ILTACO markets itself with the slogan "Makers of the 'Original' Pizza Puffs." In addition to Pizza Puffs, ILTACO makes other products, such as Taco Puffs, Gyro Puff, Ham & Cheese Puff, Pepperoni Pizza Puff, Beef Pizza Puff, 4 Cheese Pizza Puff, Spinach Pizza Puff, Ham, Cheddar Cheese & Jalapeno Puff, Pulled Pork BBQ Puff, Reuben Puff, Buffalo Style Chicken Puff, and Breakfast Puff. ILTACO's Pizza Puffs , as well as its other products with the common element "Puff" or "Puffs" are dough pockets filled with a combination of meats, vegetables, and cheeses. ILTACO contends that each of the aforementioned products' use the common word "puff" or "puffs" constitute a family marks (the "Puff Marks Family").

El-Greg sells competing dough pockets filled with meats, vegetables, and cheeses. For many years, El-Greg sold its competing products with the name "Pizza Pies." In 2002, ILTACO and El-Greg were parties to a trademark infringement lawsuit based on claims related to alleged use of the name "Pizza Puff" on competing products. ILTACO and El-Greg entered into a settlement agreement to resolve this dispute.

Starting in 2011, El-Greg redesigned the label at a store called Restaurant Depot to include the name "Pizza Pie™ (Puff)." El-Greg included on its label the phrase "Makers of the Original Puffs." El-Greg additionally sells products called "Chili Cheese Puff", "Spinach Puff", and "Deluxe Beef Puffs", and ILTACO contends that El-Greg also sells "Veggie Pizza Puffs", which El-Greg denies. ILTACO contends that by using the term "Pizza Pie™ (Puff)" as the name of El-Greg's competing product, El-Greg has violated ILTACO's trademark. ILTACO further contends that El-Greg's use of the word "puff" or "puffs" violates ILTACO's trademark family of products.

Further, ILTACO contends that El-Greg's label at Restaurant Depot infringed ILTACO's trade dress on its label. ILTACO further contends that El-Greg's alleged trademark and trade dress infringement was willful. ILTACO further contends that El-Greg's use of the phrase "Makers of the Original Puffs" is false and misleading. Lastly, ILTACO contends that El-Greg breached the settlement agreement entered into by the parties.

ILTACO brings this lawsuit against El-Greg under the following causes of action: (1) trademark infringement under the Federal Trademark Act, also known as the Lanham Act (15 U.S.C. §§ 1051-1127); (2) trade dress infringement under § 43(a) of the Lanham Act (15 U.S.C.

---

[1] El-Greg objects to the use of the word "incontestable" because the term is unnecessary for the jury to make a determination as to the weight of the evidence as to the validity of the "Pizza Puffs" mark. The fact that "Pizza Puffs" is incontestable already controls what evidence is to be presented to challenge the validity of the registered mark and the burdens of proof required by the parties. The use of incontestable in the jury instructions would likely cause confusion and would require a further instructions to explain what incontestable means in this context and the significance for the jury.

§ 1125(a)); (3) false designation of origin, or false or misleading description or representation of fact under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (4) unfair competition and deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1-510/7), (5) unfair competition under Illinois common law, and (6) breach of contract.

El-Greg contends that it is not liable under any of these causes of action. Specifically, El-Greg contends that its use of "Pizza Pie™ (Puff)" is not likely to confuse consumers. El-Greg further contends that the ILTACO's trademark registration for Pizza Puff is invalid because it is generic. El-Greg also contends that it cannot be liable on ILTACO's claims because it has fairly used the word "puffs" and because ILTACO has waited too long to bring its claims. Lastly, El-Greg contends that its use of "Pizza Pie™ (Puff)" is not a breach of the settlement agreement.

Your job as the jury will be to decide whether or not El-Greg has infringed ILTACO's trademark and trade dress, whether El-Greg has falsely or misleadingly described its products, whether El-Greg's actions constitute unfair competition, and whether El-Greg has breached its contract with ILTACO.

**3. TRADEMARK INFRINGEMENT (PIZZA PUFFS)**

### 3.01 TRADEMARK INFRINGEMENT (PIZZA PUFFS MARK)
### TRADEMARK DEFINED

A trademark is a word, symbol, or combination of words or symbols used by a person to identify his product, to distinguish his product from those manufactured or sold by others, and to indicate the source of his product.[1]

---

[1] El-Greg objects to giving examples and specifically to the proposed examples as tending to be misleading and/or prejudicial as well as chosen in a seemingly arbitrary manner. The inclusion of the examples does not match the Federal civil Jury Instructions of the Seventh Circuit. *See* Federal civil Jury Instructions of the Seventh Circuit 13.1.2.2.

## 3.03 TRADEMARK INFRINGEMENT (PIZZA PUFFS MARK)
## VALIDITY

A valid trademark is a symbol or term that is "distinctive," which means that the symbol or term is capable of distinguishing Plaintiff's product from the products of others. A trademark is valid if it is inherently distinctive or if it has acquired distinctiveness.

ILTACO's Pizza Puffs trademark is registered on the Principal Register of the U.S. Patent and Trademark Office.

El Greg contends that ILTACO's trademark has become invalid and unenforceable because the term "pizza puffs" has become generic. A generic term is a common or general name whose primary significance to the consuming public is to identify a class of similar products, regardless who makes or sells them.[1] A generic term answers the question "what are you?" while a trademark answers the question "where do you come from?"[2] For example, "cola" is a generic term for a type of soft drink, so it cannot function by itself as a trademark for this type of soft drink. The consuming public consists of people who may buy or use, or consider buying or using, the product or similar products.[3]

A term may become generic, even if it was originally granted a trademark.[4]

El Greg has the burden to prove by a preponderance of the evidence that the term "pizza puff" has become generic and thereby unenforceable.

---

[1] *Mil-Mar Shoe Co. v. Shonac Corp.*, 75 F.3d 1152, 1157 (7th Cir. 1996).

[2] *Colt Defense LLC v. Bushmaster Firearms, Inc.*, 486 F.3d 701, 705 (1st Cir. 2007.

[3] Federal Civil Jury Instructions of the Seventh Circuit, No. 13.5.7.

[4] *Park 'N Fly v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 193-94 (1985); 15 U.S.C. §1065(4)

El-Greg objects to the use of the word "incontestable" as well as the discussion of presumptions of validity because the terms are unnecessary for the jury to make a determination as to the weight of the evidence as to the validity of the "Pizza Puffs" mark. The fact that "Pizza Puffs" is incontestable already controls what evidence is to be presented to challenge the validity of the registered mark and the burdens of proof required by the parties under the Federal Civil Jury Instructions of the Seventh Circuit. The use of incontestable in the jury instructions would likely cause confusion and would require a further instructions to explain what incontestable means in this context and the significance for the jury.

Moreover, Comment #4 of the Federal Civil Jury Instructions of the Seventh Circuit No. 13.1.2 specifically suggests that the jury instructions follows the form proposed by El-Greg with the inclusion of the Genericness affirmative defense in this discussion.

### 3.05 TRADEMARK INFRINGEMENT (PIZZA PUFFS MARK)
### WILLFULNESS

If you find that El-Greg infringed ILTACO's trademark, you must also determine whether ILTACO has proven that, at the time El-Greg used the Trademark, El-Greg acted willfully.

El-Greg acted willfully if it knew that it was infringing Plaintiff's trademark or if it acted with indifference to ILTACO's trademark rights.[1] ILTACO must prove willfulness by a preponderance of the evidence.

---

[1] El-Greg contends that Plaintiff's instruction as drafted is improper and does not adequately track the Federal Civil Jury Instructions of the Seventh Circuit, No. 13.6.5. El-Greg's Proposed alternative jury instruction tracks the Federal Civil Jury Instructions of the Seventh Circuit No. 13.6.5.

### 3.06 TRADEMARK INFRINGEMENT (PIZZA PUFFS MARK)
### AFFIRMATIVE DEFENSE #1 - GENERICNESS

El-Greg contends that ILTACO's trademark has become invalid and unenforceable because the term "pizza puffs" has become generic.  A generic term is a common or general name whose primary significance to the consuming public is to identify a class of similar products, regardless who makes or sells them.[1]  A generic term answers the question "what are you?" while a trademark answers the question "where do you come from?"[2]  For example, "cola" is a generic term for a type of soft drink, so it cannot function by itself as a trademark for this type of soft drink. The consuming public consists of people who may buy or use, or consider buying or using, the product or similar products.[3]

A trademarked term, such as ILTACO's Pizza Puffs trademark, can become generic when it has become to be understood as a name of the product itself rather than as an indicator of the source of the product.[4]

A term may become generic, even if it was originally granted a trademark.[5]

El Greg has the burden to prove by a preponderance of the evidence that the term "pizza puff" has become generic and thereby unenforceable.

---

[1] *Mil-Mar Shoe Co. v. Shonac Corp.*, 75 F.3d 1152, 1157 (7th Cir. 1996).

[2] *Colt Defense LLC v. Bushmaster Firearms, Inc.*, 486 F.3d 701, 705 (1st Cir. 2007.

[3] Federal Civil Jury Instructions of the Seventh Circuit, No. 13.5.7.

[4] *Miller Brewing Co. v. G. Heilman Brewing Co., Inc.*, 561 F.2d 75, 79 (7th Cir. 1977), cert. den., 434 U.S. 1025, (1978)

[5] *Park 'N Fly v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 193-94 (1985); 15 U.S.C. §1065(4).

**3.07 TRADEMARK INFRINGEMENT (PIZZA PUFFS MARK)**
**AFFIRMATIVE DEFENSE #2 – FAIR USE**

El Greg has also raised the defense of fair use. This defense "is based on the principle that no one should be able to appropriate descriptive language through trademark registration."

To succeed on this defense, El Greg must prove the following three things by a preponderance of the evidence:

1. El Greg's Restaurant Depot Label's use of the word (Puff) was used in a way other than to indicate the source of El Greg's product.
2. El Greg's Restaurant Depot Label's use of the word (Puff) accurately describes El Greg's product.
3. El Greg's Restaurant Depot Label used (Puff) in good faith and only to describe El Greg's product.[1]

---

[1] Federal Civil Jury Instructions of the Seventh Circuit, No. 13.5.2.

## 3.08 TRADEMARK INFRINGEMENT (PIZZA PUFFS MARK)
## DAMAGES – INTRODUCTION

If you find that ILTACO has prevailed on any of its claims, you must then consider what amount of damages to award ILTACO. If you find that ILTACO has not prevailed on any of its claims, then you should not consider this issue.

I will now instruct you about the measure of damages. By instructing you on damages, I am not suggesting which party should win this case, on any issue. If you find that ILTACO has not met its burden on its claims, or that any of El-Greg's affirmative defenses preclude ILTACO from recovering on any of its claims, then ILTACO is not entitled to damages.

The damages you award must be adequate to compensate ILTACO for the infringement and any other claims that they have established liability on. They are not meant to punish an infringer. Your damages award, if you reach this issue, should put ILTACO in approximately the same financial position that it would have been in had the infringement or other unlawful conduct not occurred.

Damages do not include attorneys' fees or the costs of this lawsuit, those are matters that are decided by the Court.

### 3.09 TRADEMARK INFRINGEMENT (PIZZA PUFFS MARK)
### DAMAGES

In this case, ILTACO contends that it has sustained damages as a result of El-Greg's infringement of its trademark. If you have found that ILTACO has met its burden in proving this claim, you must determine what amount of money to award ILTACO as damages.

Damages consist of the amount of money required to compensate ILTACO for the injury caused by El-Greg's infringement. ILTACO must prove its damages by a preponderance of the evidence.

To recover damages, ILTACO must prove two things by a preponderance of the evidence:

1. El-Greg's infringement caused actual confusion among consumers; and
2. As a result, ILTACO sustained injury.[2]

---

[2] El-Greg objects to the inclusion of an instruction to the jury for "loss of goodwill" and "cost of corrective advertising" damages because ILTACO has presented no specific evidence to support its claims for damages in these categories. No documents or other information was disclosed in discovery, nor were computations of these damages disclosed in ILTACO's Rule 26(a)(1)(A)(iii) disclosures.

## 3.10 TRADEMARK INFRINGEMENT (PIZZA PUFFS MARK)
## LOST PROFITS

In addition to ILTACO's damages, ILTACO may recover the profits El-Greg gained from the infringement. You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting expenses from gross revenue. Gross revenue is all of the money El-Greg received due to its false advertising.

ILTACO is required only to prove El-Greg's gross revenue. El-Greg is required to prove any expenses that it argues should be deducted in determining its profits. [1]

ILTACO is entitled to recover El-Greg's total profits from its use of the trademark, unless El-Greg proves that a portion of the profit is due to factors other than El-Greg's infringement.

Because ILTACO did not file its lawsuit within three years from the time it knew of El Greg's label, ILTACO may only recover the profits El Greg gained from the date this lawsuit was filed (May 19, 2016) until the time El Greg discontinued use of the label.[2]

---

[1] El-Greg objects to the inclusion of "If you find that El-Greg has not met its burden in proving what, if any, amounts should be deducted from its gross revenue, then you must award ILTACO El-Greg's full gross revenue derived from the infringement and/or false advertising," as this language is not found in the Federal Civil Jury Instructions of the Seventh Circuit, No. 13.5.7.

[2] *James Burrough, Ltd. v. Sign of Beefeater, Inc.,* 572 F.2d 574, 578 (7th Cir. 1978); *Hot Wax, Inc. v. Turtle Wax, Inc.,* 191 F.3d 813, 822)(7th Cir. 1999).

**4. TRADEMARK INFRINGEMENT (FAMILY OF MARKS)[17]**

---

[17] Defendant El-Greg objects to the giving of this instruction to the jury to the extent that Plaintiff is seeking damages for its family of marks for El-Greg's use of the "Pizza Pie™ (Puff)" label, which is duplicative of ILTACO's claim of infringement under their registered trademark.  Additionally, Plaintiff has disclosed no claims for damages related to El-Greg's other products that use the "puff" or "puffs." Moreover, ILTACO's family of marks claim seeks injunctive relief regarding those other products. Accordingly, the family of marks claim should not be presented to the jury but decided by the Court.

**4.01 TRADEMARK INFRINGEMENT (FAMILY OF MARKS)**
**NATURE OF THE CLAIM**

ILTACO claims that it has trademark rights in a family of trademarks based on the word "puffs" and that El Greg has infringed its rights by selling products called Spinach Puffs, Chili Cheese Puffs and Deluxe Beef Puffs.

A family of marks is a group of marks having a recognizable common characteristic, wherein the marks are composed and used in such a way that the public associates not only the individual marks, but the common characteristic of the family, with the trademark owner. Simply using a series of similar marks does not of itself establish the existence of a family[1]

---

[1] *J & J Snack Foods Corp. v. McDonald's Corp.*, 932 F.2d 1460, 1462 (Fed. Cir. 1991).

## 4.02 TRADEMARK INFRINGEMENT (FAMILY OF MARKS)
## OWNERSHIP

A family of marks is a group of marks having a recognizable common characteristic, wherein the marks are composed and used in such a way that the public associates not only the individual marks, but the common characteristic of the family, with the trademark owner. Simply using a series of similar marks does not of itself establish the existence of a family[1]

Recognition of a family of marks requires that there is recognition among the purchasing public that the common characteristic is indicative of a common origin of the goods.[2]   A descriptive term can serve as a family surname only where there is a strong showing of secondary meaning in the term.[3] A descriptive term is one that conveys an immediate idea of the ingredients, qualities or characteristics of the goods.[4]

In order to establish rights to a family of marks based on the word "puffs", ILTACO must prove by clear and convincing evidence that consumers associated the word "puffs" exclusively with ILTACO at the time El Greg began selling products using the word "puffs".[5]   ILTACO must further prove that the association of the word "puffs" with ILTACO is independent of the use of the word 'puffs' in ILTACO's product names. [6]

El Greg contends that ILTACO's trademark has become unenforceable because the term "puffs" is generic.  A generic term is a common or general name whose primary significance to the consuming public is to identify a class of similar products, regardless who makes or sells them.[7]   A generic term answers the question "what are you?" while a trademark answers the question "where do you come from?"[8]   For example, "cola" is a generic term for a type of soft drink, so it cannot function by itself as a trademark for this type of soft drink. The consuming public consists of people who may buy or use, or consider buying or using, the product or similar products.  A generic term cannot be the basis for a family of marks.[9]

---

[1] *J & J Snack Foods Corp. v. McDonald's Corp.*, 932 F.2d 1460, 1462 (Fed. Cir. 1991).

[2] *J & J Snack Foods Corp. v. McDonalds, Corp.*, 932 F.2d 1460, 1462 (Fed. Cir. 1991).

[3] *Spraying Sys. Co. v. Delavan, Inc.*, 975 FF. 2d 387, 395 (7th Cir..1992).

[4] *Bristol-Myers Squibb Co. v. McNeil-P.P.C.*, 973 F.2d 1033, 1040 (2d Cir. 1992)

[5] *AM General Corp. v. DaimlerChrysler Corp.,*  311 F.3d 796, 819 (7th Cir. 2002).; *Colony Foods, Inc. v. Sagemark, Ltd.,* 735 F.2d 1336, 1339 (Fed. Cir. 1984).

[6] *American Aloe Corp. v. Aloe Crème Laboratories, Inc.*, 420 F.2d 1248, 1256 (7th Cir. 1970).

[7] *Mil-Mar Shoe Co. v. Shonac Corp.*, 75 F.3d 1152, 1157 (7th Cir. 1996).

[8] *Colt Defense LLC v. Bushmaster Firearms, Inc.*, 486 F.3d 701, 705 (1st Cir. 2007).

[9] Federal Civil Jury Instructions of the Seventh Circuit, No. 13.1.2.2.5.

## 4.03 TRADEMARK INFRINGEMENT (FAMILY OF MARKS)
## LIABILITY

If you find that ILTACO had established rights to a family of marks based on the word "puff" or "puffs" prior to the time El-Greg began selling products using the word "puff" or "puffs", you shall then consider ILTACO's claim of infringement.

ILTACO contends that El-Greg infringed ILTACO's rights to a family of marks based on the word "puffs." To succeed on this claim, ILTACO must prove by a preponderance of the evidence that El-Greg sold products using any of the names "Chili Cheese Puff", "Spinach Puff" or "Deluxe Beef Puffs", and that such use is likely to cause confusion, mistake or deception as to the source, affiliation, connection or association of El-Greg and El-Greg's goods as being from ILTACO, or as to the sponsorship, approval or affiliation of El-Greg by or with ILTACO.

## 4.04 TRADEMARK INFRINGEMENT (FAMILY OF MARKS) WILLFULNESS[1]

If you find that El-Greg infringed ILTACO's rights to a family of marks based on the word "puffs," you must also determine whether ILTACO has proven that, at the time El-Greg used the word "puffs," El-Greg acted willfully.

El-Greg acted willfully if it knew that it was infringing Plaintiff's rights to a family of marks based on the word "puffs," or if it acted with indifference to ILTACO's rights.[2] ILTACO must prove willfulness by a preponderance of the evidence.

---

[1] El-Greg objects to giving this instruction at all because "puffs" is not a registered trademark and there is no evidence that ILTACO gave adequate notice of a claim in the that it had rights to the family of marks based on the word "puffs" prior to this litigation. *See e.g.*, 15 U.S.C. 1111.

[2] In the Alternative, El-Greg contends that Plaintiff's instruction as drafted are improper and do not adequately track the Federal Civil Jury Instructions of the Seventh Circuit, No. 13.6.5. El-Greg's Proposed alternative jury instruction tracks the Federal Civil Jury Instructions of the Seventh Circuit No. 13.6.5.

### 4.05 TRADEMARK INFRINGEMENT (FAMILY OF MARKS)
### AFFIRMATIVE DEFENSE #1 – GENERICNESS

El Greg contends that ILTACO's trademark has become unenforceable because the term "puffs" is generic.  A generic term is a common or general name whose primary significance to the consuming public is to identify a class of similar products, regardless who makes or sells them. A generic term answers the question "what are you?" while a trademark answers the question "where do you come from?" For example, "cola" is a generic term for a type of soft drink, so it cannot function by itself as a trademark for this type of soft drink. The consuming public consists of people who may buy or use, or consider buying or using, the product or similar products.  A generic term cannot be the basis for a family of marks.

A term, such as  "puff" or "puffs"  which ILTACO uses in many of its products, becomes generic when it has gone so far toward becoming the exclusive descriptor of the product that sellers of competing brands cannot compete effectively without using the name to designate the product that they are selling.

To establish this affirmative defense, El-Greg must prove by a preponderance of the evidence that ILTACO's "puff" or "puffs" mark is generic.

## 4.06 TRADEMARK INFRINGEMENT (FAMILY OF MARKS)
## AFFIRMATIVE DEFENSE #2 – FAIR USE

El Greg has raised the defense of fair use. This defense "is based on the principle that no one should be able to appropriate descriptive language through trademark registration."

To succeed on this defense, El Greg must prove the following three things by a preponderance of the evidence:

1. El Greg's use of the word puff in product names was used in a way other than to indicate the source of El Greg's product.
2. El Greg's use of the word Puff accurately describes El Greg's products.
3. El Greg only used Puff to describe El Greg's products.[1]

---

[1] Federal Civil Jury Instructions of the Seventh Circuit, No. 13.5.2.

## 4.07 TRADEMARK INFRINGEMENT (FAMILY OF MARKS) DAMAGES

In this case, ILTACO contends that it has sustained damages as a result of El-Greg's infringement of its rights to a family of marks based on the word "puffs." If you have found that ILTACO has met its burden in proving this claim, you must determine what amount of money to award ILTACO as damages.

Damages consist of the amount of money required to compensate ILTACO for the injury caused by El-Greg's infringement. ILTACO must prove its damages by a preponderance of the evidence.

To recover damages, ILTACO must prove two things by a preponderance of the evidence:

1. El-Greg's infringement caused actual confusion among consumers; and
2. As a result, ILTACO sustained injury.[1]

Damages do not include attorneys' fees or the costs of this lawsuit, those are matters that are decided by the Court.

---

[1] El-Greg objects to the inclusion of an instruction to the jury for "loss of goodwill" and "cost of corrective advertising" damages because ILTACO has presented no specific evidence to support its claims for damages in these categories. No documents or other information was disclosed in discovery, nor were computations of these damages disclosed in ILTACO's Rule 26(a)(1)(A)(iii) disclosures.

## 4.08 TRADEMARK INFRINGEMENT (FAMILY OF MARKS)
### LOST PROFITS

In addition to ILTACO's damages, ILTACO may recover the profits El-Greg gained from the infringement. You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting expenses from gross revenue. Gross revenue is all of the money El-Greg received due to its false advertising.

ILTACO is required only to prove El-Greg's gross revenue. El-Greg is required to prove any expenses that it argues should be deducted in determining its profits.[1]

ILTACO is entitled to recover El-Greg's total profits from its use of the "puff" or "puffs" mark, unless El-Greg proves that a portion of the profit is due to factors other than the infringement.

Because ILTACO did not file its lawsuit within three years from the time it knew of El Greg's label, ILTACO may only recover the profits El Greg gained from the date this lawsuit was filed (May 19, 2016) until the time El Greg discontinued use of the label.[2]

---

[1] El-Greg objects to the inclusion of "If you find that El-Greg has not met its burden in proving what, if any, amounts should be deducted from its gross revenue, then you must award ILTACO El-Greg's full gross revenue derived from the infringement and/or false advertising," as this language is not found in the Federal Civil Jury Instructions of the Seventh Circuit, No. 13.5.7.

[2] *James Burrough, Ltd. v. Sign of Beefeater, Inc.,* 572 F.2d 574, 578 (7th Cir. 1978); *Hot Wax, Inc. v. Turtle Wax, Inc.,* 191 F.3d 813, 822)(7th Cir. 1999).

**5. TRADE DRESS INFRINGEMENT**

## 5.03 TRADE DRESS INFRINGEMENT – VALIDITY

A valid trade dress is a product packaging and presentation that is "distinctive," which means that the packaging and overall presentation of the product is capable of distinguishing ILTACO's products from the product of others. A trade dress for a product packaging is valid if it is inherently distinctive or if it has acquired distinctiveness and is nonfunctional. I will explain these terms to you.

An inherently distinctive trade dress is one that consumers would almost automatically recognize as identifying a particular brand or source of the product. To determine whether ILTACO's trade dress is inherently distinctive, you should consider it as a whole. Some of the factors you may consider are:

- Whether the product label or product packaging is a common basic shape or design (which suggests that the trade dress is not inherently distinctive), or instead is an uncommon shape or design (which suggests that the trade dress is inherently distinctive);

- Whether the product label or product packaging is unusual in a particular field (which suggests that the trade dress is inherently distinctive) or instead is common in that field (which suggests that the trade dress is not inherently distinctive);

- Whether the product label or product packaging is a unique feature for that type of product (which suggests that the trade dress is inherently distinctive) or instead is merely a refinement of a commonly decorative feature for that type of product (which suggests that the trade dress is inherently distinctive.

If you find that ILTACO did not prove that its product label or product packaging is inherently distinctive, then you must decide whether the product label is "descriptive" and has "acquired distinctiveness"

A descriptive label directly identifies or describes some characteristic or quality of the product in a straightforward way that requires no imagination or reasoning to understand the meaning of the trade dress. A descriptive trade dress can be valid only if it has "acquired distinctiveness."

To show that ILTACO's label has "acquired distinctiveness", ILTACO must prove:

1. A substantial portion of the consuming public identifies ILTACO's claimed trade dress with a particular source; and
2. IlTACO's claimed trade dress acquired distinctiveness before ElGreg began to use its label for Restaurant Depot.

To decide whether ILTACO's Restaurant Depot label has acquired distinctiveness, you may consider the following: [1]

- The amount and manner of advertising, promotion and other publicity of ILTACO's product using the Restaurant Depot label before El Greg began using its Restaurant Depot label;

- The sales volume of ILTACO's product using the Restaurant Depot label before El Greg began using its Restaurant Depot label;

- The length of time ILTACO sold product using the Restaurant Depot label before El Greg began using its Restaurant Depot label.

---

[1] El-Greg objects to the deletion of this portion of the jury Federal Civil Jury Instructions of the Seventh Circuit, No. 13.1.2.2.4.

## 5.05 TRADE DRESS INFRINGEMENT – WILLFULNESS

If you find that El-Greg infringed ILTACO's trademark, you must also determine whether ILTACO has proven that, at the time El-Greg used the trade dress, El-Greg acted willfully.

El-Greg acted willfully if it knew that it was infringing Plaintiff's trade dress or if it acted with indifference to ILTACO's trade dress rights.[1] ILTACO must prove willfulness by a preponderance of the evidence.

---

[1] El-Greg contends that Plaintiff's instruction as drafted are improper and do not adequately track the Federal Civil Jury Instructions of the Seventh Circuit, No. 13.6.5. El-Greg's Proposed alternative jury instruction tracks the Federal Civil Jury Instructions of the Seventh Circuit No. 13.6.5.

**5.06 TRADE DRESS INFRINGEMENT**
**AFFIRMATIVE DEFENSE #1 – FAIR USE**

If you find that ILTACO has proved all of the three elements, you must consider El Greg's defense of fair use.

To succeed on this defense, El Greg must prove the following three things by a preponderance of the evidence:

1. El Greg's use and shape of the Restaurant Depot label, the photograph, the information panel, and any other identifying characteristics of the infringing products were used in a way other than to indicate the source of El Greg's product.

2. El Greg's use of the Restaurant Depot label, including the photograph, information panel, and any other identifying characteristics of the infringing products accurately describes El Greg's products.

3. El Greg only used the Restaurant Depot label design to describe El Greg's products.[1]

---

[1] Federal Civil Jury Instructions of the Seventh Circuit, No. 13.5.2.

## 5.07 TRADE DRESS INFRINGEMENT - DAMAGES
## DAMAGES

In this case, ILTACO contends that it has sustained damages as a result of El-Greg's infringement of its trade dress. If you have found that ILTACO has met its burden in proving this claim, you must determine what amount of money to award ILTACO as damages.

Damages consist of the amount of money required to compensate ILTACO for the injury caused by El-Greg's infringement. ILTACO must prove its damages by a preponderance of the evidence.

To recover damages, ILTACO must prove two things by a preponderance of the evidence:

1. El-Greg's infringement caused actual confusion among consumers; and
2. As a result, ILTACO sustained injury.[2]

Damages do not include attorneys' fees or the costs of this lawsuit, those are matters that are decided by the Court.

---

[2] El-Greg objects to the inclusion of an instruction to the jury for "loss of goodwill" and "cost of corrective advertising" damages because ILTACO has presented no specific evidence to support its claims for damages in these categories. No documents or other information was disclosed in discovery, nor were computations of these damages disclosed in ILTACO's Rule 26(a)(1)(A)(iii) disclosures.

## 5.08 TRADE DRESS INFRINGEMENT – DAMAGES
## LOST PROFITS

In addition to ILTACO's damages, ILTACO may recover the profits El-Greg gained from the trade dress. You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting expenses from gross revenue. Gross revenue is all of the money El-Greg received due to its false advertising.

ILTACO is required only to prove El-Greg's gross revenue. El-Greg is required to prove any expenses that it argues should be deducted in determining its profits.[38]

ILTACO is entitled to recover El-Greg's total profits from its use of the trade dress, unless El-Greg proves that a portion of the profit is due to factors other than the infringement.

Because ILTACO did not file its lawsuit within three years from the time it knew of El Greg's label, ILTACO may only recover the profits El Greg gained from the date this lawsuit was filed (May 19, 2016) until the time El Greg discontinued use of the label.[39]

---

[38] El-Greg objects to the inclusion of "If you find that El-Greg has not met its burden in proving what, if any, amounts should be deducted from its gross revenue, then you must award ILTACO El-Greg's full gross revenue derived from the infringement and/or false advertising," as this language is not found in the Federal Civil Jury Instructions of the Seventh Circuit, No. 13.5.7.

[39] *James Burrough, Ltd. v. Sign of Beefeater, Inc.,* 572 F.2d 574, 578 (7th Cir. 1978); *Hot Wax, Inc. v. Turtle Wax, Inc.,* 191 F.3d 813, 822)(7th Cir. 1999).

**6. FALSE DESIGNATION OF ORIGIN[1]**

---

[1] Defendant El-Greg objects to the giving of this instruction to the jury as Plaintiff's False Designation of Origin claims against El-Greg are wholly duplicative of its registered trademark infringement claims and its Puffs Marks Family infringement claims.

## 6.01 FALSE DESIGNATION – NATURE OF THE CLAIM

ILTACO contends that El-Greg's use of "Pizza Pie™ (Puff)", "Chili Cheese Puffs", "Spinach Puff", and "Deluxe Beef Puffs" and the accused label has deceived or confused consumers into thinking that El-Greg's products are somehow affiliated with or otherwise endorsed by ILTACO. ILTACO contends that El-Greg also sells "Veggie Pizza Puffs", which El-Greg denies.

El-Greg contends that ILTACO does not have a valid trademark or trade dress in these items, but that they are generic and that ILTACO has no valid trademark rights respecting "Chili Cheese Puffs", "Spinach Puff", or "Deluxe Beef Puffs" because it does not have rights to all product names using the word puffs. El Greg denies that it has sold any product called "Veggie Pizza Puffs". ILTACO contends that El-Greg also sells "Veggie Pizza Puffs", which El-Greg denies. El-Greg also contends that its use of the marks, product design, and packaging constitute fair use under the law as well.

## 6.02 FALSE DESIGNATION – LIABILITY

To prevail on its claim of false designation of origin or false or misleading representation of fact, ILTACO must prove by a preponderance of the evidence that by selling products using the names "Pizza Pie™ (Puff)", "Veggie Pizza Puffs", "Chili Cheese Puff", "Spinach Puff", or "Deluxe Beef Puffs" or the accused label, El-Greg's acts are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of El-Greg with ILTACO, or as to the origin, sponsorship, or approval of its goods by ILTACO.

If you find that ILTACO has proven this by a preponderance of the evidence, you must find in favor of ILTACO. If you find that ILTACO has not proven this by a preponderance of the evidence, then you must find in favor of El-Greg.

## 6.03 FALSE DESIGNATION - DAMAGES

In calculating ILTACO's damages, you should determine that sum of money that will put ILTACO in as good a position as it would have been in if El-Greg had not engaged in the false designation of its goods.

Damages consist of the amount of money required to compensate ILTACO for the injury caused by El-Greg's false designation. ILTACO must prove its damages by a preponderance of the evidence.[1]

Damages do not include attorneys' fees or the costs of this lawsuit, those are matters that are decided by the Court.

---

[1] El-Greg objects to the inclusion of an instruction to the jury for "loss of goodwill" and "cost of corrective advertising" damages because ILTACO has presented no specific evidence to support its claims for damages in these categories. No documents or other information was disclosed in discovery, nor were computations of these damages disclosed in ILTACO's Rule 26(a)(1)(A)(iii) disclosures.

**7. FALSE ADVERTISING**

## 7.01 FALSE ADVERTISING – NATURE OF THE CLAIM

ILTACO contends that it has used the slogan "Makers of the 'Original' Pizza Puffs" in advertising its products and on the packaging of the products themselves in order to identify its goods and to distinguish them from the goods of others. ILTACO argues that El-Greg's identification of itself as the "Makers of the Original Puffs" constitutes false advertising in that this representation is literally false. Furthermore, ILTACO contends that use of this phrase on El-Greg's products is misleading in that it is being relied upon by customers to induce purchases of El-Greg's goods under the false understanding that they are ILTACO's goods. El Greg denies ILTACO's claims.

## 7.02 FALSE ADVERTISING – LIABILITY

In order to prevail on its claim of false advertising, ILTACO must prove by a preponderance of the evidence that:

1. El-Greg made a false or misleading statement of fact in a commercial advertisement about the nature, quality, characteristic, or geographic origin of its own product.

A statement is misleading if it conveys a false impression and actually misleads a consumer. A statement can be misleading even if it is literally true or ambiguous.

2. The statement actually deceived or had the tendency to deceive a substantial segment of El-Greg's audience.
3. The deception was likely to influence the purchasing decisions of consumers.
4. El Greg caused the false statement to enter interstate commerce.

A false statement enters interstate commerce in this case if El-Greg's product is transferred, advertised, or sold across state lines or if ILTACO's product is transferred, advertised, or sold across state lines and El-Greg's activities have a substantial effect on ILTACO's business.

5. ILTACO has been or is likely to be injured as a result of the false statement. Injury includes direct diversion of sales from itself to El-Greg and a loss of goodwill associated with its products.

If you find that ILTACO has proven each of these things, then you must find for ILTACO. If, on the other hand, you find that ILTACO has failed to prove any one of these things, then you must find for El-Greg.

## 7.03 FALSE ADVERTISING – DAMAGES

In this case, ILTACO contends that it has sustained damages as a result of El-Greg's false advertising. If you have found that ILTACO has met its burden in proving this claim, you must determine what amount of money to award ILTACO as damages.

Damages consist of the amount of money required to compensate ILTACO for the injury caused by El-Greg's infringement. ILTACO must prove its damages by a preponderance of the evidence.

To recover damages, ILTACO must prove two things by a preponderance of the evidence:

1. El-Greg's false advertising caused actual confusion among consumers; and
2. As a result, ILTACO sustained injury. [1]

Damages do not include attorneys' fees or the costs of this lawsuit, those are matters that are decided by the Court.

---

[1] El-Greg objects to the inclusion of an instruction to the jury for "loss of goodwill" and "cost of corrective advertising" damages because ILTACO has presented no specific evidence to support its claims for damages in these categories. No documents or other information was disclosed in discovery, nor were computations of these damages disclosed in ILTACO's Rule 26(a)(1)(A)(iii) disclosures.

## 7.04 FALSE ADVERTISING – DAMAGES
## LOST PROFITS

In addition to ILTACO's damages, ILTACO may recover the profits El-Greg gained from the false advertising. You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting expenses from gross revenue. Gross revenue is all of the money El-Greg received due to its false advertising.

ILTACO is required only to prove El-Greg's gross revenue. El-Greg is required to prove any expenses that it argues should be deducted in determining its profits.[1]

ILTACO is entitled to recover El-Greg's total profits from its false advertising, unless El-Greg proves that a portion of the profit is due to factors other than false advertising.

Because ILTACO did not file its lawsuit within three years from the time it knew of El Greg's label, ILTACO may only recover the profits El Greg gained from the date this lawsuit was filed (May 19, 2016) until the time El Greg discontinued use of the label.[2]

---

[1] El-Greg objects to the inclusion of "If you find that El-Greg has not met its burden in proving what, if any, amounts should be deducted from its gross revenue, then you must award ILTACO El-Greg's full gross revenue derived from the infringement and/or false advertising," as this language is not found in the Federal Civil Jury Instructions of the Seventh Circuit, No. 13.5.7.

[2] *James Burrough, Ltd. v. Sign of Beefeater, Inc.,* 572 F.2d 574, 578 (7th Cir. 1978);  *Hot Wax, Inc. v. Turtle Wax, Inc.,* 191 F.3d 813, 822)(7th Cir. 1999).

**8. UNFAIR COMPETITION/DECEPTIVE TRADE PRACTICES[1]**

---

[1] Defendant El-Greg objects to the giving of this instruction to the jury as Plaintiff's Unfair Competition/Deceptive Trade Practices claims against El-Greg are wholly duplicative of its registered trademark infringement claims, its Puffs Marks Family infringement claims, and its False Advertising claims.

## 8.01 UNFAIR COMPETITION/DECEPTIVE TRADE PRACTICES
## NATURE OF THE CLAIM

ILTACO contends that El-Greg has engaged in deceptive trade practices in violation of Illinois law in its adoption of the "Pizza Pie™ (Puff)", "Chili Cheese Puff", "Spinach Puff", and "Deluxe Beef Puffs" names, a confusing trade dress for its label, and the "Makers of the Original Puffs" slogan in connection with its products. ILTACO contends that El-Greg also sells "Veggie Pizza Puffs", which El-Greg denies. ILTACO argues that by doing so, El-Greg has obtained the benefit of ILTACO's goodwill and reputation and is likely to cause confusion and deception of the consumer public.

To prevail on its claim of deceptive trade practices, ILTACO will have to prove by a preponderance of the evidence that El-Greg has caused a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of its goods. [1]

El Greg denies that it has engaged in any deceptive trade practices. El Greg further contends that ILTACO cannot base a claim for deceptive trade practices on the use of a term that has become generic or on a non-trademarked word in which ILTACO does not have exclusive rights.

---

[1] El-Greg objects to ILTACO's inclusion of each and every possible unfair or deceptive trade practice pursuant to 815 ILCS 510/2. ILTACO has made no claims to every single unfair or deceptive trade practice and no evidence have been produced to support the inclusion of each example in these instructions. The only claim ILTACO has made is with respect to whether El-Greg's actions have caused a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of its goods," which is why El-Greg narrows the instruction to this aspect of unfair/trade practices.

## 8.02 UNFAIR COMPETITION/DECEPTIVE TRADE PRACTICES LIABILITY

To prevail on ILTACO's claim of deceptive trade practices, ILTACO must prove by a preponderance of the evidence that El-Greg caused a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of its goods

If you find that El-Greg has not engaged in any of the above practices, you must find in favor of El-Greg.

If you find that ILTACO has proven by a preponderance of the evidence that El-Greg has engaged in the above practices, you must find in favor of ILTACO, subject to your consideration of El Greg's statute of limitations defense.

El Greg contends that ILTACO, knew or reasonably should have known of El Greg's labels more than three years before this lawsuit was filed on May 19, 2016. If you find that ILTACO knew or reasonably should have known about the El Greg label and product names prior to May 19, 2013, you must find in favor of El Greg.[1]

---

[1] 815 ILCS 505/10a(c).

## 8.03 UNFAIR COMPETITION/DECEPTIVE TRADE PRACTICES
## DAMAGES

In calculating ILTACO's damages, you should determine that sum of money that will put ILTACO in as good a position as it would have been in if El-Greg had not engaged in its deceptive trade practices.

Damages consist of the amount of money required to compensate ILTACO for the injury caused by El-Greg's deceptive trade practices. ILTACO must prove its damages by a preponderance of the evidence.[1]

Damages do not include attorneys' fees or the costs of this lawsuit, those are matters that are decided by the Court.

---

[1] El-Greg objects to the inclusion of an instruction to the jury for "loss of goodwill" and "cost of corrective advertising" damages because ILTACO has presented no specific evidence to support its claims for damages in these categories. No documents or other information was disclosed in discovery, nor were computations of these damages disclosed in ILTACO's Rule 26(a)(1)(A)(iii) disclosures.

**9. COMMON LAW TRADEMARK INFRINGEMENT**[1]

---

[1] Defendant El-Greg objects to the giving of this instruction to the jury as Plaintiff's Common Law Trademark Infringement claims against El-Greg are wholly duplicative of its registered trademark infringement claims and its infringement claims regarding ILTACO's purported family of marks based on the word "puffs.".

## 9.01 COMMON LAW TRADEMARK INFRINGEMENT
## NATURE OF THE CLAIM

ILTACO contends that it has used its Pizza Puffs Mark since as early as 1976, and that because of this longstanding use, the Pizza Puffs Mark has become uniquely associated with ILTACO. ILTACO contends that El-Greg has violated ILTACO's rights in the Pizza Puffs Mark through the sale of its "Pizza Pie™ (Puff)", "Chili Cheese Puff", "Spinach Puff", and "Deluxe Beef Puffs" products. ILTACO contends that El-Greg also sells "Veggie Pizza Puffs", which El-Greg denies. ILTACO further contends that this violation has been willful.

ILTACO further contends that through use of its Pizza Puff Mark, Taco Puffs Mark, Gyro Puff Mark, Reuben Puff Mark, Buffalo Chicken Puff Mark, Bacon Breakfast Puff Mark, Pulled Pork Puff Mark, Spinach & Cheese Pizza Puffs Mark, Ham Breakfast Puff Mark, Sausage Breakfast Puff Mark, Ham, Cheese & Jalapeno Puff Mark, and Ham & Cheese Puff Mark, it has established a family of marks using the salient word "puff" or "puffs." ILTACO further contends that El-Greg has willfully violated this common law trademark through the sale of its confusingly similar "Chili Cheese Puff," "Spinach Puff", and "Deluxe Beef Puffs" products.

To prevail on its claim for common law trademark infringement in the PIZZA PUFFS Mark, ILTACO will need to prove by a preponderance of the evidence that El-Greg has violated its common law trademark through its sale of its "Chili Cheese Puff", "Spinach Puff", and "Deluxe Beef Puffs" products.

To prevail on its claim for common law trademark infringement in the Puffs Mark Family, ILTACO will need to prove by a preponderance of the evidence that El-Greg has violated its common law trademark through its sale of these products.

I will explain what specifically ILTACO must prove to you.

## 9.02 COMMON LAW TRADEMARK INFRINGEMENT
## OWNERSHIP OF THE MARK

To establish common law rights to a mark, the party asserting ownership must have won the race to the marketplace to establish exclusive use of the mark. To qualify for trademark rights, the mark must be attached to the product and the use must be continuous and bona fide, not sporadic, casual, and transitory.[1]

A party cannot obtain ownership of a common law trademark if the mark is a generic term for the product. Also, a party cannot obtain ownership of a common law trademark if the mark is a descriptive term—a term that describes some feature or quality of the product—unless the party can show that the mark has obtained secondary meaning, which means that a substantial part of the consumer market for the product associates the mark with the party claiming to own the mark.[2] And as I have previously explained, under common law as well as under federal law, rights to a family of marks based on a generic or descriptive word cannot be obtained unless there is a strong showing that consumers associate that word, in and of itself, with the party claiming ownership of rights to a family of marks.

In order to establish common law trademark rights in its PIZZA PUFFS mark and family of puffs marks, you must find that ILTACO has satisfied this standard, and that an appropriate segment of the public identifies these marks with ILTACO.

---

[1] *Specht v. Google Inc.*, 758 F.Supp.2d 570, 588 (N.D. Ill. 2010).

[2] *Tarin v. Pellonari*, 253 Ill.App.3d 542, 551 (1st Dist. 1993); Specht v. Google, Inc., 758 F.Supp.3d 570, 595-96 (N.D. ILL. 2010); *KP Permanent Make-up, Inc. v. Lasting Impression I, Inc.,* 543 U.S. 111, 122 (2004).

## 9.03A COMMON LAW TRADEMARK INFRINGEMENT
## LIABILITY

ILTACO contends that El-Greg infringed ILTACO's trademark "Pizza Puffs". To succeed on this claim, ILTACO must prove the following things by a preponderance of the evidence:

1. ILTACO owns the "Pizza Puffs," mark.
2. ILTACO's "Pizza Puffs," is a valid trademark.
3. El-Greg has used the "Pizza Pie™ (Puff)" term in interstate commerce in a manner that is likely to cause confusion, mistake or deception as to the source, affiliation, connection or association of El-Greg and El Greg's goods with ILTACO, or as to the sponsorship, approval or affiliation of El-Greg by or with ILTACO.

If you find that ILTACO has proven by a preponderance of the evidence each of the foregoing elements, you must find in favor of ILTACO, subject to your consideration of El Greg's statute of limitations defense.

## 9.03B COMMON LAW TRADEMARK INFRINGEMENT
## LIABILITY

ILTACO contends that El-Greg infringed ILTACO's family of trademarks. To succeed on this claim, ILTACO must prove the following things by a preponderance of the evidence:

1. That ILTACO owns rights to a family of trademarks using the word "puffs"
2. That a family of trademarks based on the word "puffs" is valid.
3. That El-Greg has used the terms "Chili Cheese Puffs", "Spinach Puff", and "Deluxe Beef Puffs" in interstate commerce in a manner that is likely to cause confusion, mistake or deception as to the source, affiliation, connection or association of El-Greg and El Greg's goods with ILTACO, or as to the sponsorship, approval or affiliation of El-Greg by or with ILTACO.

If you find that ILTACO has proven by a preponderance of the evidence each of the foregoing elements, you must find in favor of ILTACO, subject to your consideration of El Greg's statute of limitations defense.

## 9.04 COMMON LAW TRADEMARK INFRINGEMENT
## WILLFULNESS[1]

If you find that El-Greg infringed ILTACO's common law trademark, you must also determine whether ILTACO has proven that, at the time El-Greg used ILTACO's common law trademark, El-Greg acted willfully.

El-Greg acted willfully if it knew that it was infringing Plaintiff's common law trademark or if it acted with indifference to ILTACO's common law trademark rights.[2] ILTACO must prove willfulness by a preponderance of the evidence.

---

[1] El-Greg objects to giving this instruction at all because ILTACO's common law trademark rights are not registered trademarks and there is no evidence that ILTACO gave adequate notice of a claim in the Puff Marks Family prior to this litigation. *See e.g.*, 15 U.S.C. 1111.  Moreover, ILTACO is not entitled to a willfulness instruction on its common law trademark claims because, unlike its registered trademark claim, there is no corresponding statute which allows ILTACO to seek treble damages for common law trademark infringement.

[2] In the Alternative, El-Greg contends that Plaintiff's instruction as drafted are improper and do not adequately track the Federal Civil Jury Instructions of the Seventh Circuit, No. 13.6.5.  El-Greg's Proposed alternative jury instruction tracks the Federal Civil Jury Instructions of the Seventh Circuit No. 13.6.5.

## 9.05 COMMON LAW TRADEMARK INFRINGEMENT
## AFFIRMATIVE DEFENSE #1 - GENERICNESS

El Greg contends that ILTACO's trademark has become unenforceable because the term "puffs" is generic.  A generic term is a common or general name whose primary significance to the consuming public is to identify a class of similar products, regardless who makes or sells them. A generic term answers the question "what are you?" while a trademark answers the question "where do you come from?" For example, "cola" is a generic term for a type of soft drink, so it cannot function by itself as a trademark for this type of soft drink. The consuming public consists of people who may buy or use, or consider buying or using, the product or similar products.  A generic term cannot be the basis for a family of marks.

A trademarked term, such as the "puffs" mark which ILTACO uses in many of its products, becomes generic when it has gone so far toward becoming the exclusive descriptor of the product that sellers of competing brands cannot compete effectively without using the name to designate the product that they are selling.

To establish this affirmative defense, El-Greg must prove by a preponderance of the evidence that ILTACO's "puff" or "puffs" mark is generic.

### 9.06 COMMON LAW TRADEMARK INFRINGEMENT
### AFFIRMATIVE DEFENSE #2 – FAIR USE

El Greg has raised the defense of fair use. This defense "is based on the principle that no one should be able to appropriate descriptive language through trademark registration."

To succeed on this defense, El Greg must prove the following three things by a preponderance of the evidence:

1. El Greg's use of the word puff in product names was used in a way other than to indicate the source of El Greg's product.
2. El Greg's use of the word Puff accurately describes El Greg's products.
3. El Greg only used Puff to describe El Greg's products. [54]

---

[54] Federal Civil Jury Instructions of the Seventh Circuit, No. 13.5.2.

## 9.07 COMMON LAW TRADEMARK INFRINGEMENT
## AFFIRMATIVE DEFENSE #3 - STATUTE OF LIMITATIONS

El Greg contends that ILTACO, knew or reasonably should have known of El Greg's labels and product name more than three years before this lawsuit was filed on May 19, 2016. If you find that ILTACO knew or reasonably should have known about the El Greg label and product names prior to May 19, 2013, you must find in favor of El Greg.

## 9.08A TRADEMARK INFRINGEMENT (PIZZA PUFFS MARK)
## DAMAGES

In this case, ILTACO contends that it has sustained damages as a result of El-Greg's infringement of its trademark. If you have found that ILTACO has met its burden in proving this claim, you must determine what amount of money to award ILTACO as damages.

Damages consist of the amount of money required to compensate ILTACO for the injury caused by El-Greg's infringement. ILTACO must prove its damages by a preponderance of the evidence.

To recover damages, ILTACO must prove two things by a preponderance of the evidence:

1. El-Greg's infringement caused actual confusion among consumers; and
2. As a result, ILTACO sustained injury.[55]

Damages do not include attorneys' fees or the costs of this lawsuit, those are matters that are decided by the Court.

---

[55] El-Greg objects to the inclusion of an instruction to the jury for "loss of goodwill" and "cost of corrective advertising" damages because ILTACO has presented no specific evidence to support its claims for damages in these categories. No documents or other information was disclosed in discovery, nor were computations of these damages disclosed in ILTACO's Rule 26(a)(1)(A)(iii) disclosures.

## 9.08B TRADEMARK INFRINGEMENT (PIZZA PUFFS MARK)
## LOST PROFITS

In addition to ILTACO's damages, ILTACO may recover the profits El-Greg gained from the infringement. You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting expenses from gross revenue. Gross revenue is all of the money El-Greg received due to its false advertising.

ILTACO is required only to prove El-Greg's gross revenue. El-Greg is required to prove any expenses that it argues should be deducted in determining its profits. [56]

ILTACO is entitled to recover El-Greg's total profits from its use of the trademark, unless El-Greg proves that a portion of the profit is due to factors other than El-Greg's infringement.

Because ILTACO did not file its lawsuit within three years from the time it knew of El Greg's label, ILTACO may only recover the profits El Greg gained from the date this lawsuit was filed (May 19, 2016) until the time El Greg discontinued use of the label. [57]

---

[56] El-Greg objects to the inclusion of "If you find that El-Greg has not met its burden in proving what, if any, amounts should be deducted from its gross revenue, then you must award ILTACO El-Greg's full gross revenue derived from the infringement and/or false advertising," as this language is not found in the Federal Civil Jury Instructions of the Seventh Circuit, No. 13.5.7.

[57] *James Burrough, Ltd. v. Sign of Beefeater, Inc.,* 572 F.2d 574, 578 (7th Cir. 1978); *Hot Wax, Inc. v. Turtle Wax, Inc.,* 191 F.3d 813, 822)(7th Cir. 1999).

## 9.09A TRADEMARK INFRINGEMENT (FAMILY OF MARKS) DAMAGES

In this case, ILTACO contends that it has sustained damages as a result of El-Greg's infringement of its rights to a family of marks based on the word "puffs." If you have found that ILTACO has met its burden in proving this claim, you must determine what amount of money to award ILTACO as damages.

Damages consist of the amount of money required to compensate ILTACO for the injury caused by El-Greg's infringement. ILTACO must prove its damages by a preponderance of the evidence.

To recover damages, ILTACO must prove two things by a preponderance of the evidence:

1. El-Greg's infringement caused actual confusion among consumers; and
2. As a result, ILTACO sustained injury.[58]

Damages do not include attorneys' fees or the costs of this lawsuit, those are matters that are decided by the Court.

---

[58] El-Greg objects to the inclusion of an instruction to the jury for "loss of goodwill" and "cost of corrective advertising" damages because ILTACO has presented no specific evidence to support its claims for damages in these categories. No documents or other information was disclosed in discovery, nor were computations of these damages disclosed in ILTACO's Rule 26(a)(1)(A)(iii) disclosures.

54

## 9.09B TRADEMARK INFRINGEMENT (FAMILY OF MARKS)
## LOST PROFITS

In addition to ILTACO's damages, ILTACO may recover the profits El-Greg gained from the infringement. You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting expenses from gross revenue. Gross revenue is all of the money El-Greg received due to its false advertising.

ILTACO is required only to prove El-Greg's gross revenue. El-Greg is required to prove any expenses that it argues should be deducted in determining its profits.[59]

ILTACO is entitled to recover El-Greg's total profits from its use of the "puff" or "puffs" mark, unless El-Greg proves that a portion of the profit is due to factors other than the infringement.

Because ILTACO did not file its lawsuit within three years from the time it knew of El Greg's label, ILTACO may only recover the profits El Greg gained from the date this lawsuit was filed (May 19, 2016) until the time El Greg discontinued use of the label.[60]

---

[59] El-Greg objects to the inclusion of "If you find that El-Greg has not met its burden in proving what, if any, amounts should be deducted from its gross revenue, then you must award ILTACO El-Greg's full gross revenue derived from the infringement and/or false advertising," as this language is not found in the Federal Civil Jury Instructions of the Seventh Circuit, No. 13.5.7.

[60] *James Burrough, Ltd. v. Sign of Beefeater, Inc.,* 572 F.2d 574, 578 (7th Cir. 1978); *Hot Wax, Inc. v. Turtle Wax, Inc.,* 191 F.3d 813, 822)(7th Cir. 1999).

## 10. BREACH OF CONTRACT

## 10.04 BREACH OF CONTRACT – DAMAGES CALCULATION

If you find that El-Greg breached the Settlement Agreement with ILTACO, you must then decide how much money, if any, would fairly compensate ILTACO for El-Greg's breach.

ILTACO has the burden of proving each element of damages claimed and that they occurred as a direct and natural result of El-Greg's specific breach of the Purchase Agreement.

In calculating ILTACO's damages, you should determine that sum of money that will put ILTACO in as good a position as it would have been if El-Greg had performed all of its promises under the Settlement Agreement. [61]

Damages do not include attorneys' fees or the costs of this lawsuit, those are matters that are decided by the Court.[62]

---

[61] Illinois Pattern Jury Instructions 700.13 Damages.

[62] El-Greg objects to the inclusion of an instruction to the jury for "lost sales," "all time and effort in addressing complaints" and "cost of corrective advertising" damages because ILTACO has presented no specific evidence to support its claims for damages in these categories. No documents or other information was disclosed in discovery, nor were computations of these damages disclosed in ILTACO's Rule 26(a)(1)(A)(iii) disclosures. Additionally, El-Greg objects to the inclusion of any instruction to the jury which asks them to determine the amounts of costs and/or attorneys' fees they have incurred in bringing this action as that is solely a function of the Court.