**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ILLINOIS TAMALE CO.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16 C 5387** |
| | ) | |
| **EL-GREG, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>INSTRUCTIONS TO THE JURY</u>**

Date:  October 25, 2018

Members of the jury, you have seen and heard all the evidence, and you are about to hear the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them. You must also continue to follow the instructions that I gave you at the start of the trial that you may not communicate about the case or about people involved in the case with anyone other than your fellow jurors until after you have returned your verdict.

Perform these duties fairly and impartially. Each party to the case is entitled to the same fair consideration.

Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's national origin, race, color, age, or sex.

Nothing I am saying now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

To the extent that these instructions differ from the instructions that I read you at the beginning of the case, the instructions that I am giving you now are the ones that govern your consideration of this case.

2

The evidence consists of the testimony and the exhibits.

In determining whether any fact has been proved, you should consider all of the evidence bearing on that fact, regardless of who offered the evidence.

You must make your decision based on what you recall of the evidence. You will not have a written transcript of the testimony to consult.

Certain things are not evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence, and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we sometimes look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, so long as they are based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

You are to consider both direct and circumstantial evidence. The law allows you to give equal weight to both types of evidence, but it is up to you to decide how much weight to give to any evidence in the case.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the reasonableness of the witness's testimony in light of all the evidence in the case; and

- any inconsistent statements or conduct by the witness.

It is proper for an attorney to meet with any witness in preparation for trial.

You have heard witnesses who gave opinions about certain subjects, including likelihood of confusion, family of marks, and damages. You do not have to accept the testimony of such a witness. You should judge it in the same way you judge the testimony of any other witness. In deciding how much weight to give to this testimony, you should consider each such witness's qualifications, how the witness reached his opinions, and the factors I have described for determining the believability of testimony.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You may find the testimony of one witness or a few witnesses to be more persuasive than the testimony of a larger number of witnesses.  You need not accept the testimony of the larger number of witnesses.

**The parties and the claims**

The plaintiff in this case is Illinois Tamale Co.  I will refer to it as ILTACO.

The defendant in this case is El-Greg, Inc.  I will refer to it as El-Greg.

In this case, ILTACO is asserting several claims against El-Greg.  These include claims for trademark infringement; trade dress infringement, false designation of origin; unfair competition and deceptive trade practices; and breach of contract.

The purpose of trademark law is to prevent confusion among consumers about the source of products and to permit trademark owners to show ownership of their products and control their products' reputation.

ILTACO has a registered trademark for the term "Pizza Puffs."  In this lawsuit, ILTACO contends, first, that El-Greg's use of the term "Pizza Pies™ (Puffs)" on its products is confusingly similar to ILTACO's trademark.  Second, ILTACO contends that El-Greg's product label is confusingly similar to ILTACO's product label.  Third, ILTACO contends that it has the rights to a family of trademarks using the word "puff" for food products and that El-Greg's use of the terms "Pizza Pies™ (Puffs)," "Veggie Puffs," "Chili Cheese Puff," and "Deluxe Beef Puffs" is likely to confuse consumers about the source of those products.

El-Greg denies ILTACO's claims.  El-Greg contends that its label and use of the term "Pizza Pies™ (Puffs)" does not infringe ILTACO's trademark.  El-Greg also contends that its product label is not confusingly similar to ILTACO's product label.  El-Greg denies that ILTACO has enforceable rights to a family of trademarks using the word "puffs" or "puff."

11

**Preponderance of the evidence**

In these instructions, I will use the term "preponderance of the evidence." When I say that a party has to prove a proposition by a preponderance of the evidence, I mean that the party must prove that the particular proposition is more likely true than not true.

<u>Claim 1</u>
**ILTACO's claim of trademark infringement regarding "Pizza Puffs"**

ILTACO claims that El-Greg infringed ILTACO's trademark for the term "Pizza Puffs."  A trademark is a word or combination of words used by a company to identify its product, distinguish its product from those made or sold by others, and indicate the source of the product.

To succeed on this claim, ILTACO must prove each of the following propositions by a preponderance of the evidence:

1.     ILTACO owns "Pizza Puffs" as a trademark.

2.     El-Greg used the term "Pizza Pies™ (Puffs)" in interstate commerce.  This proposition is not disputed.

3.     El-Greg used the term "Pizza Pies™ (Puffs)" in a manner that is likely to cause confusion regarding the source, origin, sponsorship, or approval of El-Greg's product.

**<u>Claim 1</u>**
**ILTACO's claim of trademark infringement regarding "Pizza Puffs" –
El-Greg's defense**

If you find that ILTACO has proven each of the three propositions that it is required to prove on this claim, then you must consider El-Greg's defense of fair use. This defense is based on the principle that no one should be able to appropriate descriptive language through trademark registration. To succeed on this defense, El-Greg must prove each of the following propositions by a preponderance of the evidence:

1.      El-Greg used the phrase "Pizza Pies™ (Puffs)" in a way other than to indicate the source of its product.

2.      El-Greg's use of the phrase "Pizza Pies™ (Puffs)" accurately describes its product.

3.      El-Greg used the phrase "Pizza Pies™ (Puffs)" in good faith and only to describe its product.

## Claim 2
## ILTACO's claim of trade dress infringement

ILTACO claims that El-Greg infringed ILTACO's trade dress.   A trade dress is a type of trademark used by a company to identify its product, to distinguish its product from those manufactured or sold by others, and to indicate the source of its product. The term "trade dress," as used in this case, refers to the total image of a product packaging or product label.  It includes features such as size, shape, color or color combinations, and/or graphics.

To succeed on this claim, ILTACO must prove each of the following propositions by a preponderance of the evidence:

1.      ILTACO's product label is a valid trade dress.  A valid trade dress includes packaging that is distinctive, meaning that the packaging is capable of distinguishing ILTACO's product from the products of others.  A trade dress is valid if it is inherently distinctive or if it has acquired distinctiveness.  I will explain these terms to you in a moment.

2.      El-Greg used its product label in interstate commerce.  This proposition is not disputed.

3.      El-Greg used its product label in a manner likely to cause confusion regarding the source, affiliation, association, or approval of its products with ILTACO.

**Claim 2**
**ILTACO's claim of trade dress infringement –**
**El-Greg's defense**

El-Greg has raised the defense of fair use.  To succeed on this defense, El-Greg must prove each of the following propositions by a preponderance of the evidence:

1.     El-Greg used its product label in a way other than to indicate the source of its product.

2.     El-Greg's use of its product label was merely descriptive of its product.

3.     El-Greg used its product label in good faith and only to describe its product.

**Claim 2**
**ILTACO's claim of trade dress infringement—**
**definition of valid trade dress**

For purposes of this case, a valid trade dress is product packaging that is distinctive, which means that the packaging and overall presentation of the product is capable of distinguishing ILTACO's products from the products of others. ILTACO's trade dress is valid if it is inherently distinctive or if it has acquired distinctiveness.

A trade dress is inherently distinctive if purchasers would almost automatically recognize it as identifying a particular brand or source of the product. You should consider the packaging as a whole.

To show that its trade dress has acquired distinctiveness, ILTACO must prove both of the following propositions:

1.      A substantial portion of the purchasing public identifies ILTACO's packaging with a particular source, whether or not purchasers know who or what the source is.

2.      ILTACO's trade dress acquired distinctiveness before El-Greg first began to use the claimed trade dress.

### Claim 3
**ILTACO's claim of trademark infringement regarding "puffs" trademark family**

ILTACO also contends that it has trademark rights in a family of trademarks based on the term "puff" or "puffs" and that El-Greg infringed ILTACO's rights by selling products called "Spinach Puffs," "Chili Cheese Puffs," "Deluxe Beef Puff," and "Veggie Pizza Puffs," as well as "Pizza Pie™ (Puff)."

To succeed on this claim, ILTACO must prove each of the following propositions by a preponderance of the evidence:

1. ILTACO owns a family of trademarks based on the term "puff" or "puffs."

2. ILTACO owned the family of marks before El-Greg began selling products using the term "puff" or "puffs."

3. El-Greg used the term "puff" or "puffs" in a manner that is likely to cause confusion regarding the source, origin, sponsorship, or approval of El-Greg's products.

**Family of trademarks:**  A family of trademarks is a group of trademarks having a recognizable common characteristic, in which the trademarks are composed and used in such a way that the public associates not only the individual marks, but also the common characteristic of the family, with the trademark owner.

A "descriptive" term—in other words, a term that conveys an immediate idea of the ingredients, qualities, or characteristics of goods—can serve as a family name only ifILTACO proves by a preponderance of the evidence that the term has acquired distinctiveness, in other words that it indicates that the goods have a common origin. ILTACO must show that an appropriate segment of the public identifies this term with ILTACO.

18

### Claim 3
**ILTACO's claim of trademark infringement regarding "puffs" trademark family –
El-Greg's defense**

If you find that ILTACO has proven each of the three propositions that it is required to prove on this claim, then you must consider El-Greg's defense of fair use. To succeed on this defense, El-Greg must prove each of the following propositions by a preponderance of the evidence:

1.      El-Greg used the word puff in product names in a way other than to indicate the source of its product.

2.      El-Greg's use of the word puff accurately describes its product.

3.      El-Greg used the word puff in good faith and only to describe its product.

19

**<u>Claims 1, 2, and 3</u>**
**Definition of likelihood of confusion**

On each of the claims that I have described so far, one of the things that ILTACO must prove is that El-Greg used a term, or a label, in a manner that is likely to cause confusion as to the source, origin, sponsorship, or affiliation of El-Greg's products.

ILTACO must prove a likelihood of confusion among a significant number of people who buy or use, or consider buying or using, the product or similar products. In deciding this, you should consider the following factors:

• Any similarity between the trademarks / trade dresses in appearance and suggestion;

• Any similarity of the products;

• Any similarity in how, where, and to whom the products are promoted or sold;

• The degree of care likely to be exercised by purchasers;

• The strength of ILTACO's trademark or trade dress;

• Any actual confusion; and

• Any intent on the part of El-Greg to "palm off" its products as those of ILTACO.

The weight to be given to each of these factors is up to you to determine. No particular factor or number of factors is required to prove likelihood of confusion.

## Claim 4
## ILTACO's false advertising claim

ILTACO contends that El-Greg's use of the slogan "Makers of the Original Puffs" constitutes false advertising. In order to prevail on this claim, ILTACO must prove each of the following propositions by a preponderance of the evidence:

1. El-Greg made a false or misleading statement of fact in a commercial advertisement about the nature, quality, or characteristics of its product. A statement is misleading if it conveys a false impression or actually misleads a purchaser.

2. The statement actually deceived or had the tendency to deceive a substantial segment of El-Greg's audience.

3. The deception was likely to influence the purchasing decisions of purchasers.

4. El-Greg caused the false statement to enter interstate commerce. This proposition is not disputed.

5. ILTACO has been or is likely to be injured as a result of the false statement, such as by diversion of sales from itself to El-Greg, or a loss of goodwill associated with ILTACO's products.

### Claim 5
### ILTACO's breach of contract claim

ILTACO also contends that El-Greg breached a settlement agreement that they entered into in November 2004 in which, among other things, El-Greg agreed not to use the term "Pizza Puff" alone or in combination with other words or design as a trademark, service mark, trade name, trade name component, or other use in marketing or advertising its goods and services or as an identification of its goods or services. ILTACO contends that El-Greg breached the terms of the settlement agreement by selling goods with the label "Pizza Pies™ (Puffs)" and through marketing a product as "Veggie Pizza Puffs."

To prevail on this claim, ILTACO must prove each of the following elements by a preponderance of the evidence:

1. The existence of a contract between ILTACO and El-Greg.

2. Performance by ILTACO of its obligations under the contract.

3. Failure by El-Greg to perform its obligations under the contract.

4. Damages to ILTACO as a result.

Propositions 1 and 2 are not disputed.

**Remedies**

If you decide in favor of ILTACO on one or more of its claims, then you will go on consider the amount of money to award to ILTACO.  This includes any damages that ILTACO sustained because of El-Greg's conduct (which I will refer to as "damages"), as well as, on certain of ILTACO's claims, any profits that El-Greg made because of its conduct (which I will refer to as "profits").

If you decide in favor of El-Greg on all of ILTACO's claims, then you will not consider this issue.

**Damages – claims 1, 2, 3, and 4**


If you find that ILTACO has proved claims 1, 2, 3, and/or 4, then you must consider what amount of money, if any, to award to ILTACO as damages. Damages consist of the amount of money required to compensate ILTACO for the injury caused by El-Greg's infringement or false advertising. ILTACO must prove its damages by a preponderance of the evidence.

You may consider the following type of damages:

- ILTACO's lost profits on lost sales, which consists of the revenue that ILTACO would have earned but for El-Greg's infringement or false advertising, less the expenses that ILTACO would have incurred to earn these revenues.

**Damages – claim 5**

If you find in favor of ILTACO on claim 5, to calculate damages you should determine the sum of money that will put ILTACO in as good a position as it would have been in if El-Greg had performed its obligations under the contract.

**El-Greg's profits**

If ILTACO prevails on Claim 1, Claim 2, Claim 3, and/or Claim 4, it may also recover, in addition to damages, the profits that El-Greg gained from the trademark infringement (Claim 1 and Claim 3), trade dress infringement (Claim 2), and/or false advertising (Claim 4). You may not, however, include in any award of profits any amount that you took into account in determining ILTACO's actual damages on these claims.

Profit is determined by deducting expenses from gross revenue. Gross revenue is all of the money El-Greg received due to the conduct for which you have found it liable.

ILTACO is required only to prove El-Greg's gross revenue, by a preponderance of the evidence. El-Greg is required to prove by a preponderance of the evidence any expenses that it argues should be deducted in determining its profits.

ILTACO is entitled to recover El-Greg's total profits from its use of the trademark, use of the trade dress, and/or false advertising, unless El-Greg proves that a portion of the profit is due to other factors.

**Willfulness**

If you find that El-Greg infringed ILTACO's trademark, infringed ILTACO's trade dress, and/or engaged in false advertising, you will also have to determine whether ILTACO has proven by a preponderance of the evidence that, at the time, El-Greg acted willfully. El-Greg acted willfully if it knew that it was infringing ILTACO's trademark / knew it was infringing ILTACO's trade dress / knew its advertising was false or misleading; <u>or</u> if it acted with indifference to ILTACO's trademark rights / acted with indifference to ILTACO's trade dress rights / acted with indifference to whether its advertising was false or misleading.

**Final instructions**

Once you are all in the jury room, the first thing you should do is choose a presiding juror.  The presiding juror should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard.  You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury.  You may not communicate with others about the case or your deliberations by any means.  This includes oral or written communication, as well as any electronic method of communication, such as by using a telephone, cell phone, smart phone, iPhone, Android, Blackberry, or any type of computer; by using text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or social media, including services like Facebook, LinkedIn, GooglePlus, YouTube, Twitter, Instagram, or SnapChat; or by using any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer.  The note should be signed by the presiding juror or by one or more members of the jury.  To have a complete record of this trial, it is important that you not communicate with me except by a written note.  I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

If you send me a message, do not include the breakdown of your votes.  In other words, do not tell me that you are split 6-6, or 8-4, or whatever your vote happens to be.

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your presiding juror will fill in and date the verdict form, and each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts.

**Case No. 16 C 5387 - Verdict form**

We, the jury, find as follows on the claims of ILTACO against El-Greg:

**<u>Claim 1 (Trademark Infringement - "Pizza Pies™ (Puffs)"):</u>**

    We find in favor of (check one):    _____      ILTACO

                                               _____      El-Greg

    If you found for ILTACO, please answer the following question:    Do you find that El-Greg's infringement was willful?

                        _____      Yes

                        _____      No

**<u>Claim 2 (Trade Dress Infringement):</u>**

    We find in favor of (check one):    _____      ILTACO

                                               _____      El-Greg

    If you found for ILTACO, please answer the following question: Do you find that El-Greg's infringement was willful?

                        _____      Yes

                        _____      No

**<u>Claim 3 (Trademark Infringement – Puffs "family"):</u>**

    We find in favor of (check one):    _____      ILTACO

                                               _____      El-Greg

    If you found for ILTACO, please answer the following question:

    Do you find that El-Greg's infringement was willful?

_____     Yes

_____     No

**Claim 4 (False Advertising):**

      We find in favor of (check one):     _____     ILTACO

                                           _____     El-Greg

      If you found for ILTACO, please answer the following question:

      Do you find that El-Greg's false advertising was willful?

_____     Yes

_____     No

**Claims 1, 2, 3, and 4:**

      If you found for ILTACO on one or more of Claims 1, 2, 3, or 4, please proceed to answer the following questions:

      a.      State the amount of damages, if any, that are to be awarded to ILTACO for the following time periods:

      1) July 2010 to December 31, 2016:     $ _____

      2) May 19, 2016 to December 31, 2016: $ _____

      b.      State the amount of El-Greg's profits, if any, that are to be awarded to ILTACO for the following time periods:

      1) July 2010 to December 31, 2016:     $ _____

      2) May 19, 2016 to December 31, 2016: $ _____

**Claim 5 (Breach of Contract):**

      We find in favor of (check one):   _____      ILTACO

                                           _____      El-Greg

      If you found for ILTACO, state the amount of damages, if any, that are to be awarded to ILTACO:

                $ _____

Please sign and date this form below.

_____      _____
Presiding juror

_____      _____

_____      _____

_____      _____

_____      _____

Date:  October \_\_\_, 2018