# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ILLINOIS TAMALE CO., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 16 C 5387 |
| EL-GREG, INC., | ) |
| Defendant. | ) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MATTHEW F. KENNELLY, District Judge:

This case was tried before a jury on plaintiff Illinois Tamale Co.'s claims of trademark infringement, trade dress infringement, and false advertising under the Lanham Act and a state law breach of contract claim. The jury found in favor of Illinois Tamale and against defendant El-Greg, Inc. on all claims. The jury also made a finding of willfulness on each of the Lanham Act claims. It awarded damages and profits in amounts to be discussed below.

El-Greg has asserted a defense of laches based on what it contends was Illinois Tamale's unreasonable delay in filing suit. The parties agreed that laches would be tried to and decided by the Court, not the jury, and that the Court could rely on the entire trial record as well as any additional evidence or argument presented to the Court. The Court held what amounts to a bench trial on November 7, 2018 at which some exhibits were introduced but that primarily consisted of arguments by counsel. This constitutes the Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure

52(a).

## Discussion

Illinois Tamale has asserted four claims under the Lanham Act. First, it claims that El-Greg infringed its mark Pizza Puffs by selling a product with the label "Pizza Pies™ (Puffs)." Second, it claims that El-Greg's product label infringed its trade dress because the label was confusingly similar to Illinois Tamale's. Third, Illinois Tamale claims infringement of its alleged rights in a family of trademarks based on the term puff based upon El-Greg's sales of products called Spinach Puffs, Chili Cheese Puffs, Deluxe Beef Puffs, Veggie Puffs, and Pizza Pies™ (Puffs). Fourth, Illinois Tamale claims that El-Greg engaged in false advertising by using the slogan "Makers of the Original Puffs." As indicated above, the jury found in favor of Illinois Tamale on each of these claims.

El-Greg has asserted a defense of laches. The application of laches depends upon a showing of an unreasonable lack of diligence by the party against whom the defense is asserted and prejudice arising from the lack of diligence. *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 822 (7th Cir. 1999). In support its laches defense, El-Greg contends that Illinois Tamale was aware of the alleged infringement as early as August 2011 but did not file suit until nearly five years later, in May 2016. El-Greg contends that it was unfairly prejudiced by the delay.

For laches to apply, the defendant must show that the plaintiff had knowledge of the defendant's use of an allegedly infringing mark; the plaintiff inexcusably delayed taking action with respect to the defendant's use; and the defendant would be prejudiced by allowing the plaintiff to assert its rights. *Chattanoga Mfg., Inc. v. Nike,*

2

*Inc.*, 301 F.3d 789, 792-93 (7th Cir. 2002). El-Greg has established the first element; Illinois Tamale's sending of a cease-and-desist letter in August 2011 shows its knowledge of El-Greg's claimed infringement of the Pizza Puffs mark.

As for the second element, there is a presumption of unreasonable delay if the plaintiff, having knowledge of the claimed infringement, does not act within the most analogous state statute of limitations (the Lanham Act does not have its own statute of limitations). *Chattanoga Mfg., Inc.*, 301 F.3d at 793; *Hot Wax, Inc.*, 191 F.3d at 821. The most analogous state statute is the three-year limitations period found in the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a(e). *See Chattanoga Mfg., Inc.*, 201 F.3d at 793-94 (at least implicitly approving the district court's reliance on this statute). The Court overrules Illinois Tamale's contention that the five-year Illinois limitations period for fraud claims should apply because the conduct in this case constitutes passing off; that is not the "most analogous" statute even under that scenario, and that aside, no finding of passing off was made or necessarily had to be made for the jury to find for Illinois Tamale. Thus, because Illinois Tamale did not file suit within three years after learning of the claimed infringement, a presumption of unreasonable delay applies. Illinois Tamale has not rebutted the presumption. It contends that the whole five years should not count against it, but that is not a viable argument. It is undisputed that El-Greg not only did not respond promptly to the letter; it *never* responded and instead kept selling the alleged infringing product. This was tantamount to a rejection of the cease-and-desist demand. Thus El-Greg's non-response did not justify delay in taking further action beyond a very brief period. Illinois Tamale identifies no other basis upon which to justify its delay. The Court concludes

that El-Greg has met the second element of the test for application of laches.

The third question is whether Illinois Tamale's unreasonable delay in filing suit prejudiced El-Greg. Prejudice exists "when a defendant has changed his position in a way that would not have occurred if the plaintiff had not delayed." *Hot Wax, Inc.*, 191 F.3d at 824. El-Greg identifies four ways in which it was prejudiced. First, it contends that it was deprived of the opportunity to cut off damages at an earlier date by changing its label; El-Greg points out that it did exactly this seven months after Illinois Tamale eventually filed suit. Second, El-Greg argues that it was prejudiced by continuing to market its product and build its business during the intervening period. *See id.* at 824; *Chattanoga Mfg., Inc.*, 301 F.3d at 795. Third, El-Greg argues that the delay allowed damages to "pil[e] up . . . over the years." Nov. 7, 2018 Tr. at 753. Finally, El-Greg contends that the delay allowed Illinois Tamale's registered mark to become incontestable, thereby precluding El-Greg from arguing at trial that the mark was merely descriptive and lacked the required secondary evidence to support a claim of infringement. Relatedly, El-Greg contends that it could have challenged the mark before the Trademark Office when Illinois Tamale's application for registration was pending.

El-Greg's second point is unpersuasive. There is no evidence in the record that would support a finding that the company made any sort of significant investment in marketing or product development to promote its Pizza Pies™ (Puffs) mark or label.

El-Greg's fourth point has some surface appeal, but it is premised upon the proposition that if Illinois Tamale had pursued litigation earlier, El-Greg would have been able to *successfully* contest registration of the Pizza Puffs mark or would have prevailed

4

at the infringement trial because the mark would have been considered descriptive and evidence of secondary meaning would have been lacking. The problem is that El-Greg has done nothing to support either of these propositions. On the first (regarding contesting of the registration), El-Greg has not persuasively argued that Illinois Tamale would not have been able to overcome such a challenge and attain registration, particularly given its longtime continuous use of the Pizza Puffs mark.[1] Nor has it made any effort to show that secondary meaning evidence would have been lacking in a way that would have resulted in a verdict for El-Greg at a trial. El-Greg has effectively forfeited this point by making it in a perfunctory way; even if not, it has not supported its contention.

El-Greg's first point—that it was deprived of the opportunity to cut off damages at an earlier date—and its third point—that Illinois Tamale's delay allowed damages to pile up in a prejudicial way—are actually two sides of the same coin. The argument has merit. First, it is supported factually. El-Greg changed its label after the suit was filed, not immediately, but soon enough to reasonably infer that there was a cause-and-effect relationship. There is every reason to believe that El-Greg would have acted similarly had it been sued in 2011, or 2012, or any earlier time. Second, El-Greg's argument is supported legally. *See Hot Wax, Inc.*, 191 F.3d at 824 (had plaintiff pressed its claims in a timely manner, defendant "certainly could have . . . simply renamed its products").

For these reasons, the Court concludes that El-Greg has established its defense of laches. The Court rejects Illinois Tamale's contention that El-Greg's willfulness

---

[1] The Court also notes that El-Greg had every opportunity after getting the cease-and-desist letter to go to the Trademark Office to challenge the application, but it did not do so.

5

constitutes unclean hands that precludes it from relying on a laches defense. Illinois Tamale has not shown that El-Greg's conduct amounts to the type of "actual fraud" directly bearing on the issue of laches that would be needed to bar reliance on this defense. *See Hot Wax, Inc.*, 191 F.3d at 826 (discussing *La Republique Française v. Saratoga Vichy Spring Co.*, 191 U.S. 427, 439 (1903)).

The final question concerns the consequences of Illinois Tamale's laches. "By reason of laches, a plaintiff in a trademark infringement action may lose the right to recover damages or wrongfully derived profits during the period prior to the filing of suit. Upon a showing of infringement, however, the plaintiff may still be entitled to injunctive relief, and to damages and profits for the period subsequent to the filing of suit." *James Burrough Ltd. v. Sign of Beefeater, Inc.*, 572 F.2d 574, 578 (7th Cir. 1978) (per curiam). The reason is that trademark infringement "is a continuous wrong and, as such, gives rise to a claim for relief so long as the infringement persists."

El-Greg argues, albeit a bit half-heartedly, that Illinois Tamale's laches should completely wipe out its ability to seek damages, profits, and equitable relief. The Court rejects that argument. There are cases where the Seventh Circuit has approved this, but they involved *much* more extreme delay than what's involved here: in *Hot Wax*, over twenty years, *see Hot Wax, Inc.*, 191 F.3d at 818, and in *Chattanoga Manufacturing*, at least nine and more likely fourteen years, *See Chattanoga Mfg., Inc.*, 201 F.3d at 793. El-Greg cites no Seventh Circuit case authorizing a laches-based complete dismissal in the present scenario.

In sum, Illinois Tamale's delay is not so extreme as to warrant a denial of relief beyond what the Seventh Circuit described in *James Burrough*: denial of damages and

6

profits that predate the filing of suit. *James Burrough Ltd.*, 572 F.2d at 578. Fortunately, those figures exist: at El-Greg's behest, the Court asked the jury to provide two separate sets of damages figures, one set for the entire period at issue, and one set for the period postdating the filing of suit.

## Conclusion

For the reasons stated above, the Court finds defendant's defense of laches meritorious to the following extent: plaintiff's damages on its Lanham Act claims are reduced to $10,000 (as opposed to $20,000), and its recovery of defendant's profits on the Lanham Act claims is reduced to $30,000 (as opposed to $60,000). It appears that these amounts do not duplicate the damages the jury awarded on the breach of contract claim, which total $100,000. The Court directs the Clerk to enter judgment in favor of plaintiff Illinois Tamale Co. on all of its claims against defendant El-Greg, Inc, awarding Illinois Tamale damages in the total amount of $140,000.

Date: December 14, 2018

_____
MATTHEW F. KENNELLY
United States District Judge