**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ILLINOIS TAMALE CO., | ) | |
| an Illinois corporation, | ) | Civil Action No.: 1:16-cv-05387 |
| | ) | |
| Plaintiff, | ) | Judge Matthew F. Kennelly |
| v. | ) | |
| | ) | Magistrate Judge Susan E. Cox |
| EL-GREG, INC., | ) | |
| an Illinois corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR A DECLARATION OF
EXCEPTIONAL CASE AND FOR ATTORNEY FEES**

Plaintiff, Illinois Tamale Co. ("ILTACO"), moves pursuant to 15 U.S.C. § 1117(a) for a declaration that this case is exceptional, and for an award of its reasonable attorney fees. For the reasons discussed here and in the memorandum in support, ILTACO's motion should be granted. ILTACO further moves under 28 U.S.C. § 1927 for its attorney fees.

15 U.S.C. § 1117(a) provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." The Seventh Circuit has held that "exceptional cases" include those "where the acts of infringement can be characterized as malicious, fraudulent, deliberate, or willful." *Badger Meter, Inc. v. Grinnell Corp.*, 13 F.3d 1145 (7th Cir. 1994); *Gorenstein Enterprises, Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431, 435 (7th Cir. 1989) (upholding award of attorney fees where defendant continued to use plaintiff's trademarks after termination of the franchise and licensing agreement).

After a four day trial, the jury quickly returned a unanimous decision. The jury first found that Defendant El-Greg, Inc. ("El-Greg") was liable for trademark infringement based on its use of "PIZZA PIES (PUFFS)" for its stuffed sandwich products because it was likely to cause

consumer confusion with ILTACO's incontestable trademark registration for PIZZA PUFFS. *See October 26, 2018 Minute Entry (Dkt. #188)*. The jury also found that El-Greg's trademark infringement was willful. *Id*. The jury next found that El-Greg was liable for trade dress infringement based on its use of a label for its PIZZA PIES (PUFFS) product that was confusingly similar to ILTACO's label. *Id*. The jury also found that El-Greg's trade dress infringement was willful. The jury next found that ILTACO had a family of marks for stuffed sandwich products based on the common element "puffs," and that El-Greg's use of the term "puffs" as part of the name for several of its stuffed sandwich products constituted an infringement of ILTACO's family of marks. *Id*. Once again, the jury found that El-Greg's infringement of ILTACO's family of marks was willful. *Id*. Lastly, the jury found that El-Greg's use of the slogan "Makers of the Original Puffs" constituted false advertising, and that El-Greg's false advertising was willful. *Id*. El-Greg's four separate violations of the Lanham Act were found to be deliberate and willful. As such, this case should be deemed exceptional.

Going beyond El-Greg's acts of willful infringement, El-Greg's conduct during this litigation further warrants a declaration that this case is exceptional. In addition to cases where the acts of infringement are malicious, fraudulent, deliberate, or willful, the Seventh Circuit has held that a case may be deemed exceptional based on egregious conduct by a party in litigation. *TE-TA-MA Truth Foundation-Family of URI, Inc. v. World Church of the Creator*, 392 F.3d 248, 263 (7th Cir. 2004); see also *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 282 (3d Cir. 2000). Indeed, such egregious conduct, even without willful infringement, may justify finding a case exceptional. *Id*." It should be enough to justify the award if the party seeking it can show that his opponent's claim or defense was objectively unreasonable — was a claim or defense that a rational litigant would pursue only because it would impose disproportionate costs

on his opponent — in other words only because it was extortionate in character if not necessarily in provable intention." *Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 626 F.3d 958, 965 (7th Cir. 2010).

Defendant's egregious litigation misconduct is plain. Since the very beginning of this case, El-Greg threatened ILTACO that it would invalidate as generic its decades-old trademark for PIZZA PUFFS. Despite this, El-Greg utterly failed to even satisfy its burden of production on its defense. *Dkt. 178*. Further, it was discovered during trial that despite specific requests for financial information, El-Greg's officer, Maria Lereno, withheld documents related to El-Greg's costs of goods sold. In perhaps the most blatant example of egregious conduct, El-Greg's counsel, recognizing how the case was progressing, intentionally sought to taint the jury by making a claim of poverty.

Indeed, the egregious conduct by El-Greg's counsel warrants an imposition of sanctions in the form of attorney fees under 28 U.S.C. § 1927. "A court may impose sanctions under 28 U.S.C. § 1927, against an attorney where that attorney has acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice, or where a claim is without a plausible legal or factual basis and lacking in justification." *Walter v. Fiorenzo*, 840 F. 2d 427, 433 (7th Cir. 1988) (internal quotations and citations omitted).

For the foregoing reasons, which are discussed in greater detail in the accompanying memorandum, the court should deem this case exceptional, and should award ILTACO its reasonable attorney fees in the amount of set forth in Exhibits D and E to the memorandum.[1] In addition, the court should impose sanctions on El-Greg's counsel in the form of attorney fees.

---

[1] This amount is as of November 30, 2018, but will increase for services rendered with respect to post-trial activities.

Dated: December 19, 2018                           Respectfully submitted,

s/ Joseph M. Kuo
Joseph M. Kuo – ARDC No. 6216400
Eugene J. Geekie, Jr.– ARDC No. 6195060
Kevin H. Morse – ARDC No. 6297244
Kellie Y. Chen – ARDC No. 6320432
SAUL EWING ARNSTEIN & LEHR LLP
161 N. Clark St, Suite 4200
Chicago, IL  60601
Telephone:   (312) 876-7100
Facsimile:    (312) 876-0288

*Counsel for Plaintiff*
*Illinois Tamale Co.*

4

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and thereby caused it to be served on all counsel of record registered to receive such service.

/s/ Joseph M. Kuo

28100678.1