IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS TAMALE CO., )<br>    an Illinois corporation, )<br>                                       )<br>                      Plaintiff, )<br>v. )<br>                                       )<br>EL-GREG, INC., )<br>    an Illinois corporation, )<br>                                       )<br>                    Defendant. ) | Civil Action No.: 1:16-cv-05387<br><br>Judge Matthew F. Kennelly<br><br>Magistrate Judge Susan E. Cox |

**PLAINTIFF'S MOTION FOR JUDGMENT NOTWITHSTANDING
THE VERDICT, FOR A NEW TRIAL, OR TO ALTER OR AMEND THE JUDGMENT**

Pursuant to Federal Rules of Civil Procedure 50 and 59, Plaintiff, Illinois Tamale Co. ("ILTACO"), hereby submits its Motion for Judgment Notwithstanding the Verdict (JNOV), for a New Trial, or to Alter or Amend a Judgment related to the quantum of profits awarded by the jury. In addition, ILTACO moves for JNOV related to the Court's determination regarding laches. *Dkt. 202*. For the reasons set forth below and in the accompanying memorandum, ILTACO respectfully submits that this Court should grant ILTACO's motion.

The jury rendered its unanimous verdict finding in favor of ILTACO on all counts, including four separate Lanham Act counts for trademark infringement, trade dress infringement, unfair competition, and false advertising. *Dkt. #188*. The jury found that El-Greg's use of "Pizza Pie (Puffs)" for its stuffed sandwich products infringed ILTACO's PIZZA PUFFS trademark registration. *Id*. The jury further found that El-Greg's product label infringed the trade dress of ILTACO's product label. *Id*. Next, the jury found that ILTACO had a family of "puffs" marks and that EL-Greg had engaged in unlawful unfair competition by way of its sale and advertising of stuffed sandwiches with the word "puffs" in the name. *Id*. Lastly, the jury found that El-Greg

had engaged in false advertising by marketing itself as the "Makers of the Original Puffs." *Id*. In addition to finding that El-Greg was liable for each Lanham Act violation, the jury also found that El-Greg's violation of each of the Lanham Act statutes was willful. *Id*.

During trial, the evidence presented regarding El-Greg's revenues attributable to its infringing sales were not disputed, and totaled $1,282,841 from 2010 through the end of 2016, and totaled $187,152 from the date of the lawsuit to the end of 2016. ILTACO's damages expert, Mr. Polash, determined that the financial records produced by El-Greg did not track any elements of costs for the goods ("COGS"). As such, ILTACO's expert testified that he could not deduct any elements of cost or deduction, and concluded that the aforementioned revenue numbers were the profits earned by El-Greg's infringing acts. El-Greg's financial expert, Ms. Fisher, agreed with Mr. Polash's revenue numbers and confirmed that El-Greg did not track individual product COGS. Because of the lack of COGS information, Ms. Fisher created a "proxy" or "incremental" cost analysis to estimate the COGS for El-Greg's infringing products, which resulted in the profits amount of approximately $504,000 for the longer time period and $72,000 for the shorter time period.

Thus, the only evidence presented to the jury regarding the quantum of profits reaped by El-Greg from its willful infringement ranged from $1,282,841 to approximately $504,000 for the longer time period, and ranged from $187,152 to approximately $72,000 for the shorter time period. Despite this, the jury awarded profits of $60,000 for July 2010 to December 31, 2016; and $30,000 for May 19, 2016 to December 31, 2016.

The amount of profits awarded by the jury, even when viewing the evidence in the light most favorable to El-Greg, cannot support a verdict in the amount awarded by the jury. There is

simply no rational relation between the jury's finding that El-Greg willfully and deliberately infringed on ILTACO's trademark and the small amount of profits awarded.

Accordingly, ILTACO requests that this Court grant JNOV and enter a judgment for profits that are supported by the evidence. Alternatively, ILTACO requests a new trial on the quantum of profits due to the jury's verdict being against the manifest weight of the evidence, and because of El-Greg's litigation misconduct.

In addition to the quantum of profits, ILTACO respectfully submits that this Court erred in its determination that El-Greg successfully proved its defense of laches. Unclean hands bars laches as a defense. El-Greg was determined by the jury to have willfully infringed ILTACO's trademark and trade dress, willfully engaged in unfairly competitive acts, and willfully falsely advertised. Such willful acts demonstrate El-Greg's unclean hands. As such, ILTACO requests an amended judgment that there are no laches. ILTACO further respectfully submits that the factual circumstances in this case, as compared with those in the *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813 (7th Cir. 1999), demonstrate that laches is not appropriate here.

Dated: January 11, 2019                     Respectfully submitted,

                                            s/ Joseph M. Kuo
                                            Joseph M. Kuo – ARDC No. 6216400
                                            Eugene J. Geekie, Jr.– ARDC No. 6195060
                                            Kevin H. Morse – ARDC No. 6297244
                                            Kellie Y. Chen – ARDC No. 6320432
                                            SAUL EWING ARNSTEIN & LEHR LLP
                                            161 N. Clark St, Suite 4200
                                            Chicago, IL  60601

                                            Telephone:   (312) 876-7100
                                            Facsimile:   (312) 876-0288

                                            *Counsel for Plaintiff*
                                            *Illinois Tamale Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and thereby caused it to be served on all counsel of record registered to receive such service.

/s/ Joseph M. Kuo